**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

**In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,**
*acting on their own behalf and on behalf of the People
of the State of New York & the Public Interest*

**Docket #[1]**

**Affidavit in Further Support
of Mandamus & Other Relief**

Oral Argument Requested

---

STATE OF NEW YORK       )
COUNTY OF WESTCHESTER    ) ss:

ELENA RUTH SASSOWER, being duly sworn, deposes and says:

1. I am the *pro se* individual petitioner and submit this affidavit to furnish the Court with supervening facts reinforcing petitioners' entitlement to the granting of their July 10, 2026 Verified Petition for a Writ of Mandamus, whose page 1 "Statement of Relief Sought" reads:

> "Petitioners seek a writ of mandamus to compel the disqualification of Southern District of New York Judge Kenneth M. Karas pursuant to 28 U.S.C. §144, 28 U.S.C. §455, and the due process clause of the Fifth Amendment of the U.S. Constitution based on their June 4, 2026 affidavit for his disqualification/disclosure and its annexed certificate of good faith of the corporate petitioner's counsel."

This is immediately followed by "The Issue Presented", reading:

> "Petitioners' June 4, 2026 affidavit for Judge Karas' disqualification/disclosure pursuant to 28 U.S.C. §§144 and 455 is 'timely and sufficient', thereby mandating, as 28 U.S.C. §144 expressly states, that he 'proceed no further' and that 'another judge…be assigned to hear [the] proceeding' – presently at a complete standstill by virtue of Judge Karas' failure to rule on petitioners' December 19, 2025 affidavit demonstrating subject matter jurisdiction." (hyperlinking and underlining in the original).

---

[1] As reflected by my July 13th e-mail to Second Circuit Records Administrative Manager Richard Alcantara, sent at 8:22 am, I received no docket number nor receipt for my filing and $600 cash payment for petitioners' July 10th Verified Petition for a Writ of Mandamus. Upon telephoning him seven hours later, at 3:35 pm (212-857-8610), Mr. Alcantara stated that such would be forthcoming – and that it would be sufficient for me to indicate on this affidavit the SDNY docket number of the underlying case, **25-CV-8370**.

2.      As required by FRAP 21(a), I furnished a copy of the Verified Petition to Judge Karas.  I did this first by a July 10th letter entitled "Verified Petition for a Writ of Mandamus for the Court's Disqualification & Other Relief", which I e-mailed at 12:37 pm to the SDNY *pro se* unit for filing on the electronic docket of the underlying lawsuit.  An hour later, I delivered a hard copy to the Clerk's Office of the SDNY-White Plains courthouse for transmittal to him.

3.      It thus was with knowledge of the content of the Verified Petition for a Writ of Mandamus – and of its $600 filing fee cost – that Judge Karas, at 5:44 pm on July 10th, a Friday, posted an Order on the electronic docket of 25-CV-8370 which, ***concealing*** the existence of the Verified Petition for a Writ of Mandamus against him and ***concealing*** the June 4th affidavit for his disqualification on which it is based and the prohibition of 28 U.S.C §144 divesting him of jurisdiction, dismissed petitioners' underlying lawsuit for lack of subject matter jurisdiction by ***concealing*** the ENTIRE content of their December 19th affidavit demonstrating subject matter jurisdiction, except in one passing respect, which he falsified.[2]

4.      The obvious intent of Judge Karas' without-jurisdiction, fraudulent "Order of Dismissal", whose "Factual & Procedural Background" (at pp. 1-2) is one paragraph that stops at "Jan. 5, 2026"[3], wiping out the six-plus subsequent months, and which concludes with a direction

---

[2]      His SOLE reference to the content of petitioners' December 19, 2025 affidavit, as opposed to their October 29, 2025 verified amended complaint, is at page 7 of his July 10th Order, where referring to ¶10 of my so-called "letter", he states: "Plaintiffs also point to *Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge*, No. 19-CV-443, 2021 WL 122690 (S.D.N.Y. Mar. 31, 2021) for the proposition that loss of membership satisfies the injury in fact requirement of Article III standing…, but they gloss over a key difference between that case and the instant action".

[3]      Even that single paragraph is incomplete and incorrect, as, for example, it states, at p. 1: "On November 24, 2025, Sassower filed a letter regarding the Court's November 13, 2025 Order. (See Letter from Pl. Elena Sassower to Court (Nov. 24, 2025) (Dkt. No. 10).)".  This is multiply incorrect. The letter, entitled "Questions Concerning the Court's *sua sponte* November 13th Order – & Three Requests Pertaining Thereto" – was filed on November 19, 2025, which is the date of the letter.   November 24 is the date the letter was entered on the docket – and that docket number is 9, NOT 10.  The paragraph also omits, for example, my December 10, 2025 letter entitled "Clarifying the Court's December 5th Order – & Furnishing

(at p. 13) to "The Clerk of Court…to mail a copy of this Order to Plaintiffs and close the case", is to moot the mandamus proceeding by an appealable <u>final</u> order – and, in so doing, dispense with ruling on plaintiffs' "timely and sufficient" June 4th affidavit for his disqualification, pursuant to 28 USC §§144 and 455, including its requested disclosure (at ¶¶6-11) of facts <u>extrajudicial to this litigation</u>, accounting for his personal bias, born of proscribed interest and knowledge of evidentiary facts.

5. This flagrant violation of duties by Judge Karas to corrupt justice and deprive petitioners of their statutory and constitutional right to a fair and impartial tribunal, which, from the outset, he demonstrated himself not to be, must not be countenanced by the Court. Pursuant to <u>FRAP 21(b)</u>, it must order him to respond to the <u>Verified Petition for a Writ of Mandamus</u>, starting with its recitation of his willful failure to rule on petitioner's June 4th affidavit for his disqualification/disclosure, <u>threshold to his proceeding further, and divesting him of jurisdiction, pursuant to 28 USC §144</u>, and then to the content of each of the 16 fact-specific, law-supported pages of <u>petitioners' December 19th affidavit</u>, concealed by his July 10th Order, such as, at page 3, its ¶7, reading:

> "This being the pleading stage, plaintiffs filed their complaint consistent therewith. As stated in the Second Circuit's 2003 decision in <u>*Bau[]r v. Veneman*</u>, 352 F.3d 625, 636-37, which the Court's [November 13, 2025] Order also quotes, but not this portion:
>
>> 'at the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury. *See [Lujan].* (recognizing that '[a]t the pleading stage, general factual allegations of injury ... may suffice [to establish standing], for on a motion to dismiss we 'presum[e]' that general allegations embrace those specific facts that are necessary to support the claim') (quoting <u>*Lujan v. National Wildlife Fed'n*</u>, 497 U.S. 871, 889, 110 S. Ct. 3177, 111 L.

---

Assurance to the Court of Plaintiffs' Compliance, with a Request for the Court's Guidance", which is <u>docket number 12</u>.

Ed. 2d 695 (1990)) (alteration in original). It bears emphasis that under federal pleading rules, '[c]omplaints need not be elaborate, and in this respect injury (and thus standing) is no different from any other matter that may be alleged generally.' *See South Austin Coalition Comm. v. SBC Communications*, 274 F.3d 1168, 1171 (7th Cir. 2001)."

6.      Suffice to add that "confin[ing] an inferior court to a <u>lawful exercise of prescribed jurisdiction</u>" and correcting the "<u>jurisdictional</u>" "<u>error</u>" of "<u>a district court [that] took some definable action it was not empowered to take</u>" (underlining added) is a traditional use of mandamus, so-recognized by this Court[4].  It is directly applicable to Judge Karas' July 10th Order, whose flagrant transgression of the jurisdictional bar of 28 U.S.C. §144, presented by petitioners' "timely and sufficient" June 4th affidavit, it conceals.

7.      As for the further criteria for mandamus, set forth in the Verified Petition as the third and fourth "Reasons Why the Writ Should Issue" (at pp. 5-6), they are just as germane, if not more so, *to wit*:

> "<u>Third</u>, mandamus being an 'extraordinary writ', it is appropriate to the **extraordinary, catastrophic, emergency situation presented by petitioners'** October 29, 2025 verified amended complaint, chronicling, ***with evidence entitling them to summary judgment***, the destruction of New York's 'Republican Form of Government', concealed and abetted by defendants' *knowingly* false, 'fake news' journalism, injuring, <u>massively and irreparably</u>,[fn3] the State of New York and its People, including by rigging New York's elections, such as <u>this year</u> for governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for a dozen or so D.A.s, to which Judge Karas was specifically alerted by petitioners' February 23, 2026 letter and May 8, 2026 letter.

---

[4]      See, *inter alia*, *In re A.H.*, 999 F.3d 98 (2d Cir 2021), quoted at footnote 1 of the Verified Petition, but there omitting by ellipses (…) such traditional use of mandamus so as to focus on the <u>other</u> traditional use, *to wit*, "compel[ling] [a lower court] to exercise its authority when it is its duty to do so"; "a district court…[having] refused to take some definable action that was clearly required" – more germane to the situation <u>prior</u> to Judge Karas' July 10th Order.

> [fn3]      "When a petitioner faces significant 'irreversible, non-monetary harm'… mandamus may issue to prevent that harm. *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 353 (5th Cir. 2017). …we give consideration 'to the severity and extent of this damage, and in particular to whether a petitioner has lost precious constitutional rights.'…", *In re A.H.*, 999 F.3d 98 (2d Cir 2021).

4

Fourth, to the extent that this Court also allows mandamus where, in addition to 'the inadequacy of other available remedies', there is 'the presence of a novel and significant question of law' and 'the presence of a legal issue whose resolution will aid in the administration of justice'[fn4], there is obviously a 'novel and significant question of law' 'whose resolution will aid in the administration of justice', if, as Judge Karas purported, without substantiating caselaw – and so-highlighted by petitioners' November 19, 2025 letter and December 10, 2005 letter to him – FRCP 12(h)(3) is interpreted to allow a federal district judge to *sua sponte* order a plaintiff to defend subject matter jurisdiction of a complaint that has *not yet been served upon defendants*, thereby effectively substituting himself for the defendants, who, upon being served, could make a FRCP 12(b)(1) dismissal motion, if they believed they had a subject matter jurisdiction defense." (bold, hyperlinking, underlining and italics in the original).

Indeed, as to the above fourth reason, Judge Karas' July 10th Order: (1) conceals that his November 13, 2025 Order requiring petitioners to show cause as to subject matter jurisdiction was not only *sua sponte*, but *without defendants having even been served*; (2) conceals that petitioners' November 19, 2025 letter and December 10, 2005 letter had challenged this as unprecedented, requesting caselaw that he did not supply; and (3) conceals that his July 10th Order also supplies no caselaw for his interpretation of FRCP 12(h)(3), or at least none that I have been able to discern, thus far.

8.      To further assist the Court in discharging its supervisory responsibilities with respect to Judge Karas' *sub silentio* repudiation of his threshold disqualification/disclosure obligations, barring him from proceeding further, and his jurisdiction-less, fraudulent attempt, by his July 10th Order, to moot the July 10th Verified Petition for a Writ of Mandamus, to which petitioners remain entitled, a copy of this affidavit will be uploaded to the electronic docket of the underlying lawsuit, with this coverletter inviting his response.

---

[fn4]      *Aref v. U.S.*, 452 F.3d 202 (2d Cir. 2006), citing *In re United States*, 10 F.3d 931, 933 (2d Cir, 1993).

_____

**ELENA RUTH SASSOWER,** *Pro Se*
Individually and as Director of the Center for Judicial
Accountability, Inc. (CJA), and on behalf of the People
of the State of New York & the Public Interest

Sworn to before me this
13th day of July, 2026

_____
Notary Public

ATUL N MODI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01MO6234649
Qualified in Westchester County
My Commission Expires.

6