**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

| | |
|---|---|
| **In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc. and ELENA RUTH SASSOWER, individually and as director of the Center for Judicial Accountability, Inc.,** *acting on their own behalf and on behalf of the People of the State of New York & the Public Interest* | **Docket #26-1905**<br><br>**2ⁿᵈ Affidavit in Further Support of Mandamus & Other Relief**<br><br>Oral Argument Requested |

---

STATE OF NEW YORK        )
COUNTY OF WESTCHESTER    ) ss:

      ELENA RUTH SASSOWER, being duly sworn, deposes and says:

1.      I am the *pro se* individual petitioner and submit this affidavit in further support of petitioners' July 10, 2026 Verified Petition for a Writ of Mandamus and July 13, 2026 affidavit to advise the Court that petitioners' underlying lawsuit, which, by a July 10, 2026 Order, Judge Karas had closed by dismissing it for lack of subject matter jurisdiction, in an attempt to moot the mandamus proceeding, is no longer closed – petitioners having made a July 24, 2026 vacatur motion:

- pursuant to Fed.R.Civ.P. 60(b)(4) to vacate it as "void" for lack of jurisdiction; and

- pursuant to Fed.R.Civ.P. 60(b)(3) to vacate it for "fraud…of an adverse party" – the "adverse party" being the Court which substituted itself for the 34 named defendants – or, alternatively, pursuant to Fed.R.Civ.P 60(b)(6),[1] for fraud by the Court.

2.      As Judge Karas is divested of jurisdiction by petitioners' "timely and sufficient" June 4, 2026 affidavit for his disqualification/disclosure pursuant to 28 U.S.C. §§144 and 455 – the subject of their July 10ᵗʰ Verified Petition for a Writ of Mandamus – the motion additionally requests that it be determined by another judge.

---

[1]    "any other reason that justifies relief".

3. It would appear from the mandamus statute, 28 U.S.C §1651, as well as from 28 U.S.C. §2106, that the Court has the power to direct the motion be determined by another judge – and petitioners so-request.

4. A copy of petitioners' July 24th vacatur motion is attached herewith and incorporated herein by reference.

5. To aid the Court in assessing the situation, this affidavit will be furnished to Judge Karas by a coverletter inviting his response.

*Signed & notarized on next page to preserve above live hyperlinks*

ELENA RUTH SASSOWER, *Pro Se*
Individually and as Director of the Center for Judicial
Accountability, Inc. (CJA), and on behalf of the People
of the State of New York & the Public Interest

Sworn to before me this
27th day of July, 2026

Notary Public

JAIR E. CORREA
Notary Public - State of New York
No. 04CO6446153
Qualified in Westchester County
My Commission Expires 01/17/2027

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*,

Plaintiffs,

LEGISLATIVE CORRESPONDENTS ASSOCIATION, Inc.,
    [and 33 other defendants]
*being representative of other New York & national media*,

Defendants.

25-CV-8370

**VACATUR MOTION**
Pursuant to Fed.R.Civ.P 60(b)
subsections (4), (3), & (6) –
& for Determination
by Another Judge

---

PLEASE TAKE NOTICE that upon the annexed affidavit of *pro se* plaintiff Elena Ruth Sassower and the memorandum of law signed by her and plaintiff Center for Judicial Accountability, Inc. counsel Gary L. Zerman, Esq. and upon all the papers and proceedings heretofore had, plaintiffs move to vacate the Court's July 10, 2026 Order of Dismissal:

- pursuant to Fed.R.Civ.P. 60(b)(4) as "void" for lack of jurisdiction; and

- pursuant to Fed.R.Civ.P. 60(b)(3) for "fraud…of an adverse party" – the "adverse party" being the Court which substituted itself for the 34 named defendants – or, alternatively, pursuant to Fed.R.Civ.P 60(b)(6)[1] for fraud by the Court –

with determination of the motion by another judge as the Court is divested of jurisdiction by plaintiffs' "timely and sufficient" June 4, 2026 affidavit for its disqualification/disclosure pursuant to 28 U.S.C. §§144 and 455, whose existence and that of plaintiffs' July 10, 2026 Verified Petition for a Writ of Mandamus to the Second Circuit Court of Appeals the July 10, 2026 Order conceals.

---

[1]     "any other reason that justifies relief".

_____

**ELENA RUTH SASSOWER,** *Pro Se*
Individually and as Director of the Center for Judicial
Accountability, Inc. (CJA), and on behalf of the People
of the State of New York & the Public Interest

July 24, 2026
White Plains, New York

_____

**GARY L. ZERMAN, ESQ,**
Attorney for the Center for Judicial Accountability, Inc. (CJA)
and on behalf of the People of the State of New York
& the Public Interest

July 24, 2026
Valencia, California

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*,

25-CV-8370

**Moving Affidavit**

Plaintiffs,

LEGISLATIVE CORRESPONDENTS ASSOCIATION, Inc.,
        [and 33 other defendants]
*being representative of other New York & national media*,

Defendants.

---

STATE OF NEW YORK            )
COUNTY OF WESTCHESTER      ) ss:

ELENA RUTH SASSOWER, being duly sworn, deposes and says:

1.      I am the individual plaintiff, fully familiar with all the facts, papers, and proceedings heretofore had, and submit this affidavit in support of plaintiffs' accompanying notice of motion to vacate the Court's July 10, 2026 Order of Dismissal, pursuant to Fed.R.Civ.P. 60(b), subsections (4) and (3), or alternatively, as to the latter, (6).

2.      The facts pertaining to the July 10, 2026 Order, concealing the existence of plaintiffs' "timely and sufficient" June 4, 2026 affidavit for the Court's disqualification/disclosure pursuant to 28 U.S.C §§144 and 455 and their July 10, 2026 Verified Petition to the Second Circuit Court of Appeals for a Writ of Mandamus against the Court based thereon, whose purpose was to moot the mandamus proceeding by a final order, are set forth by my July 13, 2026 affidavit to the Court of Appeals in further support of the writ.  By a July 13th letter, I furnished it to the Court, inviting its response.  To date, I have received none.

1

3.      In the interest of economy, plaintiffs rest on the recitation of facts in the July 13th affidavit, constituting a preliminary "legal autopsy"[1]/analysis of the Court's July 10th Order, adding the following by way of further amplification of its brazen fraud:

- **As noted by ¶4 of the July 13<u>th</u> affidavit**, the Order's "'Factual & Procedural Background' (at pp. 1-2) is one paragraph that stops at 'Jan. 5, 2026[fn]', wiping out the six-plus subsequent months".

  **By way of amplification**, this combined "Factual & Procedural Background" ALSO wipes out the prior five weeks, as it starts with the Court's November 13, 2025 Order directing plaintiffs to show cause why their October 29, 2025 verified amended complaint should not be dismissed for lack of subject matter jurisdiction.

- **As noted by ¶3 of the July 13<u>th</u> affidavit**, the Order "…dismiss[es] [plaintiffs'] underlying lawsuit for lack of subject matter jurisdiction by *concealing* the ENTIRE content of their December 19th affidavit demonstrating subject matter jurisdiction, except in one passing respect, which [it] falsifie[s].[fn2]". The annotating footnote states:

  "[The Court's] SOLE reference to the content of p[laintiffs'] December 19, 2025 affidavit, as opposed to their October 29, 2025 verified amended complaint, is at page 7 of [the Court's] July 10th Order, where referring to ¶10 of my so-called 'letter', [the Court] states: "Plaintiffs also point to *Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge*, No. 19-CV-443, 2021 WL 122690 (S.D.N.Y. Mar. 31, 2021) for the proposition that loss of membership satisfies the injury in fact requirement of Article III standing…, but they gloss over a key difference between that case and the instant action'."

  **By way of amplification**, the Order, which purports (at p. 3) to be based on the Court's "reviewing Plaintiffs' submissions in response to the Court's previous Orders", *falsifies* their December 19th affidavit as a "letter", thereby diminishing, if not removing, its evidentiary significance[2], *conceals* that the March 31, 2021 decision in *Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge* is the Court's *own*, and *fabricates* a non-existent "gloss" by interpreting the

---

[1]     The term "legal autopsy" is taken from the law review article "*Legal Autopsies: Assessing the Performance of Judges and Lawyers Through the Window of Leading Contract Cases*", 73 Albany Law Review 1 (2009), by Gerald Caplan, recognizing that the legitimacy of judicial decisions can only be determined by comparison with the record ('…Performance assessment cannot occur without close examination of the trial record, briefs, oral argument and the like…' (p. 53)).

[2]     As to the importance of "proof of jurisdictional facts by affidavit", see, *inter alia*, *Gonzalez v. Option One Mortg. Corp.*, cited to in *Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge*.

complaint's ¶95(b) to mean that plaintiff CJA had no "membership and funding" to lose so that "(*see generally* FAC)" did "not allege that CJA had any members, donations, or dues-derived revenue" and, therefore, "CJA's alleged loss of members and financial inquiry are not sufficiently concrete to confer standing" – *concealing*, *in toto*, the affidavit's ¶¶11-17 because its recitation of facts and law establish plaintiff CJA's financial and other qualifying injury, sufficient not only for a pleading, but for summary judgment.

**By way of further amplification**, the Order not only *conceals* the ENTIRE content of plaintiffs' December 19th affidavit, other than as above-recited, but *conceals and falsifies* the ENTIRE content of plaintiffs' October 29, 2025 verified amended complaint.[3]

Starting with its caption, the Order shortens it to transmogrify the plaintiffs to "CENTER FOR JUDICIAL ACCOUNTABILTY, INC.; ELENA RUTH SASSOWER", thereby *concealing* the connection between the two and that Plaintiff Sassower is also suing in two capacities, "individually and as director of the Center for Judicial Accountability, Inc.".[4] These concealments are then continued by the Order's first sentence (at p. 1) AND by the balance of the Order (at pp. 1-13) because they are foundational to plaintiffs' injury and standing for themselves and "*on behalf of the People of the State of New York & the Public Interest*", also stripped from the caption.

The Order's first sentence (at p. 1) is itself a case study in deceit, additionally transmogrifying the five constitutional provisions on which plaintiffs' complaint rests to one: the "violation of the First Amendment to the United States Constitution" by "34 Defendant media outlets and journalism-related entities…[in] conspir[acy] to commit 'journalistic fraud,' 'institutional reckless disregard for truth,' and 'defraud[] purchasers, contributors, [and] taxpayers'". It thereby *conceals* the four other constitutional provisions pursuant to which the complaint's very first paragraph, its ¶1, invoked the Court's jurisdiction:

> "Article IV, §4 of the United States Constitution, 'The United States shall guarantee to every State in this Union a Republican Form of Government…', and…the First Amendment's guarantee of 'the right of the people…to petition the Government for a redress of grievances', and the further guarantees of the Fifth Amendment[fn] and the Fourteenth Amendment, §1[fn] to every 'person' of 'due process of law' and 'the equal protection of laws'…".

The balance of the Order also *conceals* these four constitutional provisions and, with respect to defendants' "violation of the First Amendment", *conceals* that it involves their "*knowingly* false journalism", elaborated by the complaint's ¶1 as:

---

[3]  Hereinafter referred to as the "complaint" for simplicity – and because this is the complaint that plaintiffs would have served upon defendants, but for the Court's *sua sponte* November 13, 2025 Order.

[4]  The Court's *sua sponte* November 13th Order and December 5th Order do the same.

"*knowingl*y false, 'fake news', corruption-abetting, election-rigging journalism, concealing and enabling the destruction of constitutional, lawful governance in New York State, culminating in corrupt candidates running on the 2025 election ballots – and, in particular, for New York City mayor, for New York City public advocate, for Manhattan borough president, for Manhattan district attorney, for Brooklyn district attorney, and to be district attorneys in approximately a dozen other counties throughout the state – and their election." (italics in the original).

That such journalism has NO First Amendment protection and confers rights to plaintiffs for themselves and for "*the People of the State of New York & the Public Interest*" is highlighted by the complaint's prefatory quote, at page 2, directly after its caption and before its ¶1, and is the subject of the complaint's first cause of action for journalistic fraud, at ¶¶54-68, and its "Statement in Further Support", at ¶¶93-95.[5]

The Order's first sentence ends by citing "¶¶67–80 (Dkt. No. 6)". What are these paragraphs? They are not, as might be inferred, the complaint's causes of action, whose number is four, not three, as might also be inferred. Yet "¶¶67–80" are not even three. Instead, they are the last two paragraphs of the first cause of action (¶¶54-58), the full second cause of action (¶¶69-77), the first three paragraphs of the third cause of action (¶¶78-88), and none of the fourth cause of action (¶¶89-92).

The correct citation for the complaint's four causes of action is ¶¶54-92.[6] Yet, of these <u>39 paragraphs</u>, the balance of the Order cites to <u>only one</u>, ¶92 – the

---

[5]     By contrast to the Order's <u>total</u> concealment that defendants' "violating the First Amendment" pertains to their "*knowingly* false journalism", the *sua sponte* November 13th Order acknowledged (at p. 3): "Plaintiffs are suing Defendants 'for violating their 'free press' First Amendment responsibilities by *knowingly* false journalism".

[6]     In addition to the above-described deceits of the Order's first sentence, here's a bit more:

- <u>its very first words</u> "On October 8, 2025" are false by its reference to 34 defendants and its ending citation to "Pl.'s Am. Compl. ('FAC') ¶¶ 67–80 (Dkt. No. 6)". The October 8, 2025 verified complaint, which is first on the docket, had 25 defendants. The nine additional defendants were added by plaintiffs' October 29, 2025 verified amended complaint – the cited-to "Dkt. No. 6";

- <u>the abbreviation "FAC"</u> – ostensibly "First Amended Complaint" – is misleading, as it falsely implies a subsequent amending of the complaint, of which there was none. Rather, on January 5, 2026, in compliance with the Court's <u>December 5th Order</u> (Dkt. No. 10), plaintiffs' October 29th verified amended complaint, which – like their October 8th verified complaint – was not signed by plaintiff Center for Judicial Accountability, Inc.'s counsel, as it then had none, was signed by Gary L. Zerman, Esq., as its counsel, and filed (Dkt No. 18);

4

last paragraph of the fourth cause of action, which it *materially **falsifies*** (at p. 9) to ***conceal*** that defendants' reporting on New York State governance and its public officers is NOT "reasonably accurate [and] truthful" – in other words, <u>removing what defendants' First Amendment violation consists of</u>.

Similarly, as to the complaint's <u>53 other paragraphs</u> comprising its sections "Jurisdiction & Venue" (¶¶1-5), "The Parties" (¶¶6-41), "Factual Allegations" (¶¶42-53), and "Statement in Further Support" (¶¶93-95), the Order cites to <u>only one</u>, ¶95, by its three subparagraphs (a), (b), and (c) – and 10 times.[7]  ***Concealing*** ¶95's prefatory words to these subparagraphs: "The foregoing provides plaintiffs with standing and establishes injury, which, as to the latter, is further particularized, as follows" – the "foregoing" being the complaint's 94 predecessor paragraphs – and ***concealing*** that the <u>December 19th affidavit</u> is, throughout, an elaboration, with facts and law, of ¶¶95(a), (b), and (c) as to plaintiffs' injury and standing, the Order ***conceals*** the affidavit's content with respect thereto so as to ***falsely*** purport the insufficiency of ¶¶95(a), (b), and (c).  This includes repeating the flagrant ***falsification*** of ¶95(a) from the *sua sponte* <u>November 13th Order</u>, which, <u>having removed its pleaded particulars as to plaintiff Sassower's parents</u>, stated (at p. 3): "As currently plead, Plaintiffs' [] Amended Complaint does not explain the causal connection between Defendants' action and the harm alleged to Plaintiff Sassower or her parents".

It is in face of ¶21 of plaintiffs' <u>December 19th affidavit</u>, pointing out this ***falsehood***, with its ¶¶22-26 not only "explain[ing] the causal connection", but furnishing hyperlinks to prove it – with the significance of this then focal to plaintiffs' <u>June 4th affidavit for the Court's disqualification/disclosure pursuant to 28 U.S.C §§144 and 455</u> (at ¶¶7-11) and highlighted by their <u>July 10th Verified Petition for a Writ of Mandamus</u> (at p. 5) – that the Order (at p. 3) replicates this same ***falsehood*** of the complaint's ¶95(a)[8] and by the further **LIE** (at p. 4) that plaintiff Sassower has "not provid[ed] details as to how Defendants' conduct 'destroy[ed] and derail[ed]' her 'life and career'" and ***concealing*** the affidavit's ¶¶17-20 pertaining to her, asserts she has "not pled sufficient facts to plausibly allege she suffered a concrete and particularized injury-in-fact", thereafter repeating this **LIE**  (at pp. 10, 12), with respect to "causation"/"traceability".  So, too, does the Order **LIE** throughout about ¶95(b) and ¶95(c)[9] – ***concealing*** ALL

---

- • <u>it conceals that on "October 8, 2025", in addition to plaintiff Sassower being *pro se*, plaintiff Center for Judicial Accountability, Inc. was without counsel</u> – and that it remained without counsel until January 5, 2026.

[7]    The Order cites/quotes four times <u>¶95(a) pertaining to plaintiff Sassower</u> (at pp. 3, 4, 10, 12); four time, <u>¶95(b) pertaining to plaintiff CJA</u> (at pp. 5, 6, 7, 11, 12); and once <u>¶95(c) pertaining to the People of the State of New York</u> (at p. 8).

[8]    The Order does restore the pleaded allegation from ¶95(a) "beginning when she was a child – and she is now 69" that the November 13th Order had deleted.

[9]    The Order (at p. 8) also expurgates the complaint's two-sentence ¶95(c) to remove from the first sentence the word "massively", describing the magnitude of money being stolen from the People of New

the particulars of the affidavit's ¶¶9-19 as to plaintiff CJA and of ¶¶27-33 as to "the People of the State of New York"— including the affidavit's cited-to and quoted substantiating caselaw, mostly from the Second Circuit and U.S. Supreme Court.

- **As noted by ¶7 of the July 13th affidavit**, the Order "(1) <u>conceals</u> that [the Court's] November 13, 2025 Order requiring [plaintiffs] to show cause as to subject matter jurisdiction was not only *sua sponte*, but *without defendants having even been served*; (2) <u>conceals</u> that [plaintiffs'] November 19, 2025 letter and December 10, 2025 letter had challenged this as unprecedented, requesting caselaw that [the Court] did <u>not</u> supply; and (3) <u>conceals</u> that [the Order] also supplies <u>no</u> caselaw for [its] interpretation of FRCP 12(h)(3), or at least none that I have been able to discern, thus far."

	**By way of amplification**, the Order's citation to "Fed. R. Civ. P. 12(h)(3) (allowing courts to dismiss an action *sua sponte* for lack of subject matter jurisdiction)" is at page 3 – and I still have NOT discerned in the Order any caselaw allowing the Court to so-proceed *in place of defendants not yet served, thereby substituting itself for them* and making for them a Fed.R.Civ.P. 12(b)(1) motion. Although the Court has been on the bench since June 2004, it seemingly cannot furnish, or is unwilling to furnish, a single case from its 22-year tenure, let alone a paid case, wherein, *before defendants have been served*, it has done what it has done here.

	As for the 54 or so decisions to which the Court's 13-page Order cites or quotes, comparing them to the Order reveals the Order's aberrance. This includes, at page 7, "*Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge,* No. 19-CV-443, 2021 WL 1226930 (S.D.N.Y. Mar. 31, 2021)", ***concealing*** by that citation that it is the Court's *own*. In that case, the Court granted "Defendants' Motion To Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)", stating, in the decision's "Conclusion":

	> "…Because this is the first adjudication of Plaintiffs' claims, the FAC is dismissed without prejudice. Plaintiffs may file an amended complaint within 30 days of the date of this Opinion & Order." .

	Starting with the decision's first section of "Background", its first subsection entitled "Factual Background" recites facts that it states are "taken from Plaintiffs' FAC" and that these "are assumed true for purposes of adjudicating the instant Motion", thereupon copiously identifying, with paragraph citations, the FAC's allegations. This is followed by a separate subsection entitled "Procedural Background" that starts from the date the complaint was filed and ostensibly ends with the last document or significant document before the decision. The decision's

---

York, and the last clause: "destroying a 'Republican Form of Government'." It eliminates entirely the second sentence, which, in the complaint, reads: "As journalism is the 'first draft of history', the state's history and that of its People has been falsified by its 'free press', relied upon by scholars in the belief that it is accurate and true, and by the culpable journalists themselves, many of whom go on to write books."

"Analysis" follows, with a first subsection having no parallel in the Order, at bar. Entitled "Standard of Review", it states:

> "The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.,* No. 12-CV-1470, 2014 WL 2475893 at *2 (D.Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 128 (2d Cir. 2003))."

It then continues, under a heading "Rule 12(b)(1)", stating, in pertinent part:

> "The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs.,* LLC, 822 F.3d 47, 56 (2d Cir. 2016). **When a defendant raises a facial challenge to standing** based solely on the complaint and the documents attached to it, 'the plaintiff has no evidentiary burden' and a court must determine whether the plaintiff asserting standing 'alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue.' *Id.* (alterations omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir. 2011)). In making such a determination, **a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor.** *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co., LCC,* 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is material and controverted, the Court must make findings of fact in aid of its decision as to standing. *See Carter,* 822 F.3d at 57. Here, Defendant raises a facial challenge to jurisdiction."[10] (bold added)

This elucidation of procedural standards is ENTIRELY skipped by the Order, which does not identify whether the challenge to subject matter jurisdiction, which it does not specify to be the Court's *own,* is facial or fact-based. Instead, it jettisons ALL standards:

- *concealing* the content of all but two paragraphs of plaintiffs' 95-paragraph complaint – ¶¶92 and 95 – both of which it *materially **falsifies***;

---

[10]    Other decisions cited by the Order also recite the legal standard for Rule 12(b)(1) motions – with *Guglielmo v. Nebraska Furniture Mart, Inc.* (SDNY, December 18, 2020), quoted at p. 4 of the Order, furnishing a recitation comparable to the above, and citing to the same three Second Circuit decisions under a title heading "Applicable Law". See, additionally, 2 Moore's Federal Practice – Civil 12.30[4] "Facial v. Factual Challenge".

7

- *concealing* the entire content of plaintiffs' December 19th affidavit demonstrating subject matter jurisdiction, except in the single respect it *falsifies* pertaining to its *own* March 31, 2021 decision in *Orthodox Jewish Coalition of Chestnut Ridge Village v. Village of Chestnut Ridge*;

- *substituting* a continuum of *falsehoods*, mostly conclusory, about the complaint, interspliced with citations to, and quotations from, caselaw to *falsely* make it appear that the quotations apply to the complaint – as, for instance, about "[c]onclusory allegations…nebulous claims"; "[N]ondescript and conclusory allegations"; "[not] concrete and particularized"; "lack[ing] 'all requisite specificity'"; "generalized…parroting"; "plainly insufficient to plead plausibly"; "unadorned speculation"; is "highly speculative", based on "conjecture…that cannot substitute for the 'distinct and palpable injury' required for constitutional standing"; "no factual allegations to make this a plausible claim"; and

- *reinterpreting, if not rejecting, pleaded allegations of the complaint* based on nothing more than the Court's a-contextual expurgations and suppositions (p. 7, 9).

As to applicable caselaw NOT cited by the Order, high on the list is the Second Circuit's 2003 decision in *Baur v. Veneman*, 352 F.3d 625, 636-37, to which plaintiffs' December 19th affidavit (at ¶3) cited, linked, and (at ¶7) quoted:

> "at the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury. *See* [*Lujan*]. (recognizing that '[a]t the pleading stage, general factual allegations of injury ... may suffice [to establish standing], for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim') (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)) (alteration in original). It bears emphasis that under federal pleading rules, '[c]omplaints need not be elaborate, and in this respect injury (and thus standing) is no different from any other matter that may be alleged generally.' *See South Austin Coalition Comm. v. SBC Communications*, 274 F.3d 1168, 1171 (7th Cir. 2001)."

This applicable caselaw – controlling "at the pleading stage" and as to which plaintiffs sought the Court's guidance by their December 10th letter (at p.8), *without response* – is, *sub silentio*, repudiated by the Order, along with ALL standards applicable to Fed.R.Civ.P 12(b)(1) motions.

8

4.      Evident from the foregoing is that the Court had ZERO basis for its *sua sponte* November 13th Order requiring, *before defendants had even been served*, that the *pro se* individual plaintiff and the then-unrepresented corporate plaintiff demonstrate why their October 29th verified amended complaint should not be dismissed for lack of subject matter jurisdiction – and that upon their doing so by their December 19th affidavit, whose showing was, as it stated (at ¶34), "sufficient at the pleading stage – and for summary judgment" – the Court's duty, if it was not going to disqualify itself or make disclosure, was, as highlighted by plaintiffs' May 8th letter (at p. 2) and reiterated by their June 4th affidavit for the Court's disqualification/disclosure (at ¶5), to rule promptly, and by one-sentence, that plaintiffs had met their burden of demonstrating injury and standing, followed by a second sentence that their time within which to serve defendants was extended by 30 days.  Indeed, the Court could have collapsed these two sentences into one, as plaintiffs did in the "WHEREFORE" clause of their July 10th Verified Petition for a Writ of Mandamus.

5.      The Court had one – and only one – way to moot the mandamus proceeding – and that was to obey the command of 28 U.S.C. §144 to "proceed no further", allowing another judge to "be assigned" and render the only ruling possible based on plaintiffs' December 19th affidavit, *to wit*,  "The individual and corporate plaintiffs, having demonstrated the Court's subject matter jurisdiction, their time to serve defendants is extended 30 days from the date of this Order".  What the Court could not do, is what it did.

6.      The above summarization of facts entitles plaintiffs to the vacatur sought by this motion – to be determined by another judge, as this Court has been divested of jurisdiction since plaintiffs filed their "timely and sufficient" June 4th affidavit for its disqualification/disclosure pursuant to 28 U.S.C. §§144 and 455.

ELENA RUTH SASSOWER, *Pro Se*

Sworn to before me this
24th day of July 2026

Notary Public

JAIR E. CORREA
Notary Public - State of New York
No. 04CO6446153
Qualified in Westchester County
My Commission Expires 01/17/2027

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.                    25-CV-8370
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*,

                                                    Plaintiffs,

LEGISLATIVE CORRESPONDENTS ASSOCIATION, Inc.,
        [and 33 other defendants]
*being representative of other New York & national media*,

                                                    Defendants.

---

**MEMORANDUM OF LAW**

28 U.S.C. §144, by its terms, divests a district court judge of jurisdiction upon the filing of a "timely and sufficient affidavit" – which is what plaintiffs' June 4, 2026 affidavit for the Court's disqualification/disclosure pursuant to 28 U.S.C §§144 and 455 is and stated itself to be. The Court did not deny or dispute this, but, rather, confirmed it by ignoring the affidavit and failing to make disclosure, pursuant to 28 U.S.C. §455, of the facts the affidavit recited (at ¶¶6-11), extrajudicial to this lawsuit, accounting for the Court's personal bias, and giving it personal knowledge of underlying facts and interest.[1]

On July 10, 2026, within hours of plaintiffs' furnishing the Court with their Verified Petition to the Second Circuit Court of Appeals for a Writ of Mandamus to compel the Court's ruling on their June 4, 2026 affidavit, the Court, rather than rule on the affidavit, which it could

---

[1]     *As a matter of law*, facts undenied and undisputed are deemed admitted – and concealment and other deceits are deemed corroborative of the thing concealed or falsified. *Cf.*, Fed.R.Civ.P 56(e)(2); Corpus Juris Secondum, Vol. 31A, 166 (1996 ed., p. 339); II John Henry Wigmore, Evidence §278, at 133 (1979).

not do without conceding its timeliness and sufficiency, barring the Court from proceeding further and requiring another judge to be assigned, concealed the affidavit's existence and the Verified Petition for a Writ of Mandamus based thereon by its July 10, 2026 Order dismissing the lawsuit for lack of subject matter jurisdiction.

The utter fraud of this dismissal, immediately obvious from examination of plaintiffs' December 19, 2025 affidavit demonstrating subject matter jurisdiction, whose content the Order conceals, *in toto*, other than in one passing respect, which it falsifies, is further particularized by plaintiffs' July 24, 2026 affidavit accompanying this motion and their July 13, 2026 affidavit in further support of the writ it incorporates.

Such establish, *as a matter of law*, plaintiffs' entitlement to the granting of this vacatur motion, pursuant to Fed.R.Civ.P. 60(b), subsections (4) and (3), or in the alternative, as to the latter, (6), which can only be by a judge not divested of jurisdiction by 28 U.S.C §§144 and 455, as this Court has been since the filing of plaintiffs' June 4, 2026 affidavit, the sufficiency of which has only been amplified, exponentially, by what has transpired since.

*Signatures on next page to preserve above live hyperlinks*

_____
ELENA RUTH SASSOWER, *Pro Se*
Individually and as Director of the Center for Judicial
Accountability, Inc. (CJA), and on behalf of the People
of the State of New York & the Public Interest

July 24, 2026
White Plains, New York

_____
GARY L. ZERMAN, ESQ.,
Attorney for the Center for Judicial Accountability, Inc. (CJA)
and on behalf of the People of the State of New York
& the Public Interest

July 24, 2026
Valencia, California