UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 26-1905

Caption [use short title]: In Re: Center for Judicial Accountability, Inc. & Elena Ruth Sassower, individually and as director of the Center for Judicial Accountability, Inc., acting on their own behalf and on behalf of the People of the State of New York & the Public Interest

Motion for: Court order directing Clerk O'Hagan Wolfe to answer petitioners' August 6, 2026 letter to Case Management Team inquiring as to docket tampering & selective, invidious treatment

Set forth below precise, complete statement of relief sought:
Compliance with August 12, 2026 "Notice of Defective Filing" without prejudice to petitioners' contention that same is a retaliation vs them for their July 30, 2026 letter to Clerk O'Hagan Wolfe – the subject of their August 13, 2026 complaint vs her to Chief Judge Lohier va Circuit Executive Jordan (see attached)

MOVING PARTY: Petitioners

OPPOSING PARTY: SDNY Judge Kenneth M. Karas

☐ Plaintiff ☐ Defendant

☒ ~~Appellant~~/Petitioners ☐ Appellee/Respondent

MOVING ATTORNEY: Gary Zerman, Esq.; also Pro Se Petitioner

OPPOSING ATTORNEY: NA

[name of attorney, with firm, address, phone number and e-mail]

23935 Philbrook Avenue, Valencia, California 91354

661-259-2570; gzerman243@gmail.com

Pro Se Petitioner: 914-421-1200; elena@judgewatch.org

Court- Judge/ Agency appealed from: SDNY Judge Kenneth M. Karas

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): NA

~~Opposing counsel's position on motion:~~ NA
☐ Unopposed ☐ Opposed ☐ Don't Know

~~Does opposing counsel intend to file a response:~~
☐ Yes ☐ No ☐ Don't Know

FOR EMERGENCY MOTIONS, ~~MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:~~

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:
IMMEDIATE RETURN DATE REQUESTED
ELECTORALLY TIME-SENSITIVE MANDAMUS PROCEEDING
See July 10, 2026 Verified Petition for a Writ of Mandamus
(3rd reason for granting the writ)

Is the oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☐ No If yes, enter date: No date set for oral argument on verified mandamus petition

Signature of Moving Attorney: [signature] Elena Ruth Sassower [signature] 8/24/26

Gary L. Zerman [signature] Date: 8/24/26 Service: ☐ ~~Electronic~~ ☐ ~~Other [Attach proof of service]~~ NA

Form T-1080 (rev. 10-23)

CENTER *for* JUDICIAL ACCOUNTABILITY, INC.

***Post Office Box 8101*** ***Tel. (914)421-1200*** ***E-Mail: mail@judgewatch.org***
***White Plains, New York 10602*** ***Website: www.judgewatch.org***

August 13, 2026

TO: Second Circuit Court of Appeals Circuit Executive Michael Jordan

FROM: Elena Sassower, Petitioner *Pro Se*
Docket #26-1905 – Mandamus Proceeding:
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People of the State of New York & the Public Interest*

RE: The Chief Judge's "Administrative Responsibilities" pursuant to Canon 3B of the Code of Conduct for U.S. Judges – & Duty of Enforcement of the Code of Judicial Employee Conduct: Docket Tampering, Invidious, Selective Treatment, & Fraud, Arising from Clerk Catherine O'Hagan Wolfe's Undisclosed Conflicts of Interest

Pursuant to Canon 3B of the Code of Conduct for United States Judges, entitled "Administrative Responsibilities", I wish to bring to the attention of Chief Judge Raymond Lohier, Jr. – and embody in this misconduct complaint – the evidence of docket tampering, invidious, selective treatment, and fraud by Clerk Catherine O'Hagan Wolfe and case management personnel under her direction in the above-entitled mandamus proceeding, commenced by a July 10, 2026 Verified Petition for a Writ of Mandamus marked "Electorally Time-Sensitive – Expedition Requested".

This evidence is particularized by:

- a July 30, 2026 letter to Clerk O'Hagan Wolfe entitled "Correcting & Clarifying Your July 29, 2026 'For the Court' Order"; and

- an August 6, 2026 letter to the Case Management Team entitled "Docket Tampering & Invidious, Selective Treatment – Was petitioners' July 30th letter to Clerk O'Hagan Wolfe forwarded to her &, by her, furnished to Chief Judge Lohier?".

The ONLY response to these two letters, each requesting answers to reasonable questions so that the facts and law might be established, with each letter requesting immediate transmittal to Chief Judge Lohier "for his supervisory evaluation of how this 'Electorally Time-Sensitive' mandamus proceeding has been proceeding – or not – since its July 10th filing" – and so-highlighted by the transmitting July 30th and August 6th e-mails – was the rejection of the letters by case management, on August 4th, and August 12th, respectively, on the bogus ground that "Any request to the court must be filed in the form of a motion", when NO request was made "to the court" – and additionally concealing that pursuant to Local Rule 27.1(c) and Local Rule 45.1, it is Clerk O'Hagan Wolfe

who would be deciding the motions "For the Court" – and that, doubtless, she would either so-deny them, without reasons, or simply withhold decision, until, by such and other misconduct, she procured the signatures of three of the Court's judges on an order dismissing the July 10th Verified Petition for a Writ of Mandamus, without reasons or on conclusory, false reasons – at which point the motions would be dismissed as "moot".

As the Second Circuit Court of Appeals website does not furnish any means by which the Chief Judge might be contacted about violations of the Code of Conduct for Judicial Employees, which, as relates to the Court's *own* employees, he bears ultimate "Administrative Responsibilities" to enforce pursuant to the so-titled Canon 3B of the Code of Conduct for United States Judges,[1] I trust Chief Judge Lohier will appreciate your forwarding this letter to him. As he has been chief judge only since July 1st, my ONLY alternative for alerting him to the situation would be filing a judicial misconduct complaint against his predecessor chief judges, pursuant to 28 U.S.C. §§351-364, "The 1980 Act", for failing to put in place a mechanism for receiving information of violations of the Code of Conduct for Judicial Employees, including by a procedure for the filing of formal complaints.

I take the opportunity to commend Alana Chill, your Director of Workplace Relations and Assistant Circuit Executive for Legal Affairs and Administration, for her assistance in this matter, and, prior thereto, administrative assistant Meika Brown.

I am ready, willing, able, and eager to give testimony, under oath, in support of this complaint against Clerk O'Hagan Wolfe, whose misconduct – intended to delay, if not torpedo, petitioners' expedition-requiring mandamus proceeding and the clearly historic, summary judgment lawsuit on which it rests. The "appropriate action" commensurate to the gravity of what she has done – immediately impacting on this year's fast-approaching New York elections for governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for D.A.s – mandates that she be fired and referred for criminal prosecution[2] – and my testimony, in support thereof, would include elaborating details as to what the July 30th and August 6th letters identify as her knowledge of:

> "facts, extrajudicial to this mandamus proceeding, giving rise to [her] personal bias against petitioners and direct knowledge of, and interest in, what is particularized

---

[1] Canon 3B(6) of the Code of Conduct for United States Judges reads:

> "A judge should take appropriate action upon receipt of reliable information indicating the likelihood that a judge's conduct contravened this Code, that a judicial employee's conduct contravened the Code of Conduct for Judicial Employees, or that a lawyer violated applicable rules of professional conduct." (underlying added).

[2] As the July 30th letter identifies, by its footnote 1:

> "Among the criminal statutes seemingly applicable to the falsification and record tampering that has been going on: 18 U.S. Code §2071(b); 18 U.S. Code §1001; 18 U.S. Code §4."

> by our underlying October 29th verified amended complaint and December 19th affidavit demonstrating subject matter jurisdiction, and by our 'timely and sufficient' June 4th affidavit for Judge Karas' disqualification/disclosure pursuant to 28 U.S.C §§144 and 455 – the subject of our July 10th Verified Petition for a Writ of Mandamus…" (hyperlinking in the original),

triggering her duty, pursuant to Canon 3(F)(3) of the Code of Conduct for Judicial Employees, entitled "Conflicts of Interest".

Suffice to add – and I stated this to Ms. Chill – the July 30th letter to Clerk O'Hagan Wolfe not only resulted, on August 4th, in the **retaliatory** rejection of that letter and, on August 12th, in the **retaliatory** rejection of the August 6th letter to the Case Management Team, both identically purported as "Defective" for lack of a motion, but, prior thereto, on July 31st, in the **retaliatory** "defecting" of our July 27th "2nd Affidavit in Further Support of Mandamus & Other Relief" as requiring "A motion for leave to file".[3]

Finally, because Clerk O'Hagan Wolfe's demonstrated actual bias arising from her direct and immense conflicts of interest and extrajudicial knowledge are shared by many of the Second Circuit's senior judges, as Chief Judge Lohier will *readily* discern, petitioners would have no objection to his transferring this misconduct complaint, the mandamus proceeding, and the underlying lawsuit to another Circuit.

I affirm the foregoing to be true under penalties of perjury.

Thank you.

s/ELENA RUTH SASSOWER

Read & approved by: s/GARY L. ZERMAN, ESQ.

*Signatures on next page to preserve live hyperlinks*

---

[3] As to the rarity of a "leave to file" requirement – and the due process criteria and procedural safeguards necessary for its invocation – *see* this Circuit's November 5, 1993 decision in *In Re Anthony Martin Trigona and In Re George Sassower* by its then Chief Judge Jon Newman and Judges Ralph Winter and Frank Altimari. Featured by a front-page November 9, 1993 New York Law Journal article "'*Vexatious Litigants' Procedure Held Lawful*", and a November 22, 1993 New York Law Journal item "*Appellate Procedure – 'Leave to File' Requirement for Sanctioned Litigants Is Upheld*", it would be published at 9 F.3d 226 (2d Cir. 1993).

Petitioner ELENA RUTH SASSOWER

Read & approved by: ______________________________
Petitioner Center for Judicial Accountability, Inc. Counsel GARY L. ZERMAN, ESQ.

Enclosures (4)

**From:** elena@judgewatch.org
**Sent:** Thursday, July 30, 2026 8:44 PM
**To:** 'cit_mgmt@ca2.uscourts.gov'; 'newcases@ca2.uscourts.gov'; 'prosecases@ca2.uscourts.gov'
**Cc:** Gary Zerman (gzerman243@gmail.com)

**Subject:** **Docket #26-1905/Mandamus Proceeding -- petitioners' July 30th letter responding to the July 29th Order denying the July 15th motion for pro hac vice admission of petitioner CJA counsel Gary Zerman**

**Attachments:** upload-july30-2026-ltr-to-ohagan-wolfe.pdf

**TO: Second Circuit Court of Appeals Case Management Team**

Above-attached for docketing is petitioners' July 30th letter to Clerk Catherine O'Hagan Wolfe, constituting our response to her "For the Court" July 29th Order denying the July 15th motion for *pro hac vice* admission of petitioner CJA counsel Gary Zerman.

Please also immediately forward the letter to Clerk O'Hagan Wolfe so that, as the letter requests (at p. 5), she can, in turn, immediately furnish it to Chief Judge Raymond Lohier, Jr. for his "supervisory evaluation of how this "Electorally Time-Sensitive" mandamus proceeding has been proceeding – or not – since its July 10th filing".

Thank you.

Elena Sassower, Petitioner *Pro Se*

**CENTER *for* JUDICIAL ACCOUNTABILITY, INC.**

***Post Office Box 8101*** ***Tel. (914)421-1200*** ***E-Mail: mail@judgewatch.org***
***White Plains, New York 10602*** ***Website: www.judgewatch.org***

July 30, 2026

TO: Second Circuit Court of Appeals Clerk Catherine O'Hagan Wolfe

FROM: Elena Sassower, Petitioner *Pro Se*

RE: **Correcting & Clarifying Your July 29, 2026 "For the Court" Order**
Docket #26-1905 – Mandamus Proceeding:
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*

This responds to the July 29th Order, which, beneath the words "For the Court", appear your printed name, title, and a depiction of the Second Circuit's seal with your electronic signature through it.

What is the meaning of "For the Court"? Has Mr. Zerman's July 15th motion for *pro hac vice* admission been denied by the Court's judges – and, if so, how many judges and what are their names? Or is it by you?

And why has the Order been issued with an incorrect caption? Or do you NOT know that the Order's caption is incorrect? On what basis has the caption of petitioners' July 10th Verified Petition for a Writ of Mandamus been falsified? Are you unaware of my July 16th letter, signed by myself and Mr. Zerman, constituting petitioners' formal request for correction of the three incorrect captions appearing on the docket? What about my July 27th "Acknowledgment and Notice of Appearance", which, responding to the question as to whether the indicated caption is 'Correct'", checked the box that it is "Incorrect" and attached the July 16th letter. How about my July 28th e-mail concerning Mr. Zerman's "Acknowledgment and Notice of Appearance", reiterating petitioners' entitlement to correction of the incorrect docket captions?

**Who is responsible for falsifying, or directing the falsification of, the docket captions which the July 29th Order continues, as if not already demonstrated as false by the July 16th letter.** Is it your view – and that of "the Court" – that rectifying the false captions was not a **#1 PRIORITY**? Why have they not been corrected, consistent with the July 16th letter – or do you dispute the 100% accuracy of that letter? And are you unaware that as a result of the caption

falsification and other record tampering by you or those under your supervision,[1] the case and its record do not come up upon internet searches – a result presumably intended

As to the substance of the July 29th Order whose denial of Mr. Zerman's July 15th *pro hac vice* motion is stated to be "without prejudice to renewal. Any renewed motion must comply with Local Rule 46.1(d)", are you saying that an attorney admitted *pro hac vice* by a district judge of the Second Circuit to represent a party in a civil case who is not *in forma pauperis*, is not, as a matter of course, admitted *pro hac vice* by the Second Circuit Court of Appeals to represent that same party on the appeal of the district court case or in a mandamus/prohibition proceeding arising from the case? Really? As, surely, it is NOT a rare circumstance that such a *pro hac vice* attorney below makes a motion to this Court to be admitted *pro hac vice* in connection with the district court case, please furnish some illustrative denials – even one – so as to demonstrate that this case is not being handled in an invidious, selective manner.

Suffice to say that prior to Mr. Zerman filing his July 15th *pro hac vice* motion, I had spoken to Second Circuit Administrative Manager Richard Alcantara about proper procedure for such motion and, thereafter, on July 15th, with Second Circuit Attorney Admissions Clerk Joseph Rodriguez. Mr. Rodriguez stated that Mr. Alcantara is his supervisor and we specifically discussed Local Rule 46.1(d), entitled "Pro Hac Vice Admission", which, tellingly, is NOT readily accessible from the Second Circuit's website, indeed, not accessible at all from the top panel tab "Attorneys", whose single relevant drop down, "Attorney Admissions and Renewals", contains NO hyperlinks for *pro hac vice* admission.

Why is that? And why, as I discussed with Mr. Rodriguez, does Local Rule 46.1(d) read:

> **"(d) Pro Hac Vice Admission.** An attorney may be admitted pro hac vice to appear in a particular proceeding without formally applying for admission or paying the admission fee. Pro hac vice admission will be considered on submission of a written motion to the court before filing a notice of appearance. To qualify, the attorney must be a member in good standing of a state or the District of Columbia bar and must be one of the following:
>
> > **(1)** a member of the bar of a district court within the circuit who has represented a criminal defendant at trial and appears for that defendant on an appeal taken under 18 U.S.C. §3006A;
> >
> > **(2)** acting for a party proceeding in forma pauperis; or

[1] Among the criminal statutes seemingly applicable to the falsification and record tampering that has been going on: 18 U.S. Code § 2071(b); 18 U.S. Code § 1001; 18 U.S. Code §4.

> **(3)** able to demonstrate exceptional circumstances justifying admission for the particular proceeding."

How is this applicable to an attorney, such as Mr. Zerman, admitted *pro hac vice* in the Southern District of New York, pursuant to its Local Rule 1.3(i), (j), (k), to represent his client and who now seeks *pro hac vice* admission in the Second Circuit Court of Appeals so as to continue to represent his same client in connection with the same case – unless his unexceptional *pro hac vice* admission in the Southern District and full familiarity with the case are deemed "exceptional circumstances".

Mr. Rodriguez had no answer but agreed that it should be sufficient for Mr. Zerman to annex to his affidavit in support of his *pro hac vice* motion the Order of Southern District of New York Judge Karas that had granted him *pro hac vice* admission in the Southern District and his underlying motion to Judge Karas – which is precisely what Mr. Zerman did.

Notably, your July 29th "For the Court" Order does NOT state – as it certainly could have – that *pro hac vice* admission pursuant to Local Rule 46.1(d) is inapplicable to the situation at bar – and that, pursuant to Local Rule 46.1, invoked by Mr. Zerman's motion, he must apply for regular admission pursuant to its paragraph (a), for which he would require a "sponsor's motion", *to wit*, a "written or oral motion of a member of the court's bar", as described by FRAP 46(a)(3) "Admission Procedures", with the Second Circuit's website providing the form – and that, in the absence of any "member of the court's bar" to whom he could turn as "sponsor", such would qualify as "exceptional circumstances".

As for the timing of your July 29th Order, was it coincidental that it came the day following my alerting July 28th e-mail, stating, in connection with Mr. Zerman's "Acknowledgment and Notice of Appearance" which, according to the Court's July 14th "Docketing Notice", was due on July 28th, that I had been unable to reach him since July 25th and that this was "NOT usual" and I was "quite concerned, as Mr. Zerman has been contending with serious medical illness. I pray that he is *incommunicado* by reason of hospitalization – not worse." (capitalization and italics in the original).

Yesterday morning, prior to calling the Valencia, California Police to request a welfare check at Mr. Zerman's home and office, I called the number that I had called so many times over the previous four days and was relieved, to the point of near tears, when he picked up the phone that he was still alive, as I had already concluded he was not. Though still suffering the after-effects of cumulative medical treatments that had disabled him for four days, we engaged in over an hour's conversation, reviewing all that happened in the case since we had last spoken at about 5:30 pm on Friday, July 24th and agreeing that later in the day he would file his "Acknowledgment and Notice of Appearance". Five hours later, he was ready to sign it and send it back to me so that I could assemble it, with the required Addendum A and the substantiating July 16th letter detailing the incorrect captions. It was then that I checked the case docket and discovered the July 29th Order, e-mailing it to Mr. Zerman. We thereupon decided to hold off sending Mr. Zerman's

already prepared "Acknowledgment and Notice of Appearance" and that I would draft a response to the Order, to be sent out today, after we had reviewed it, in our usual fashion, line-by-line. This we have now done, twice – and Mr. Zerman's signature, attesting to his review and approval, is below.

**We request your response to this letter's questions, as immediately as possible** – this being a mandamus proceeding entitled to expedition and necessitating same in the "**catastrophic, emergency situation**" which the July 10th Verified Petition for a Writ of Mandamus describes (at pp. 5-6) and our July 13th affidavit in further support reiterates (at ¶7):

> "mandamus being an 'extraordinary writ', it is appropriate to the **extraordinary, catastrophic, emergency situation presented by petitioners'** October 29, 2025 verified amended complaint, chronicling, ***with evidence entitling them to summary judgment***, the destruction of New York's 'Republican Form of Government', concealed and abetted by defendants' *knowingly* false, 'fake news' journalism, injuring, massively and irreparably,[fn3] the State of New York and its People, including by rigging New York's elections, such as this year for governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for a dozen or so D.A.s, to which Judge Karas was specifically alerted by petitioners' February 23, 2026 letter and May 8, 2026 letter." (bold and hyperlinking in the original, with the footnote below).

In view of your decades at the Appellate Division, First Department and at this Court, it is appropriate that you acknowledge the facts, extrajudicial to this mandamus proceeding, giving rise to your personal bias against petitioners and direct knowledge of, and interest in, what is particularized by our underlying October 29th verified amended complaint and December 19th affidavit demonstrating subject matter jurisdiction, and by our "timely and sufficient" June 4th affidavit for Judge Karas' disqualification/disclosure pursuant to 28 U.S.C §§144 and 455 – the subject of our July 10th Verified Petition for a Writ of Mandamus, to which the SOLE respondent is Southern District of New York Judge Karas, so-identified by our July 10th certificate of service/delivery, annexed thereto and by our July 16th letter (at p 2).

For your convenience, here's the link to the Judicial Conference's Code of Conduct for Judicial Employees, whose Canon 3(F)(3) "Conflicts of Interest" provision reads:

---

> "fn3 'When a petitioner faces significant 'irreversible, non-monetary harm'… mandamus may issue to prevent that harm. *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 353 (5th Cir. 2017). …we give consideration 'to the severity and extent of this damage, and in particular to whether a petitioner has lost precious constitutional rights.'…', *In re A.H.*, 999 F.3d 98 (2d Cir 2021)."

> "When a judicial employee knows that a conflict of interest may be presented, the judicial employee should promptly inform his or her appointing authority. The appointing authority, after determining that a conflict or the appearance of a conflict of interest exists, should take appropriate steps to restrict the judicial employee's performance of official duties in such matter so as to avoid a conflict or the appearance of a conflict of interest. A judicial employee should observe any restrictions imposed by his or her appointing authority in this regard."

As the Court is your "appointing authority", pursuant to 28 U.S.C. §711, and because **TIME IS OF THE ESSENCE**, with the 2026 elections for New York's governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for a dozen or so D.A.s now less than 100 days away, we request that you immediately furnish this letter to Second Circuit Chief Judge Raymond Lohier, Jr. for his supervisory evaluation of how this "Electorally Time-Sensitive" mandamus proceeding has been proceeding – or not – since its July 10th filing.

Mr. Zerman's "Acknowledgment and Notice of Appearance" – the same as we were planning to send yesterday, only now bearing today's date – is herewith attached.

This letter being petitioners' response to the July 29th Order, we request it be so-indicated in posting the letter on the docket.

Thank you.

s/ELENA RUTH SASSOWER

Read & approved by: s/GARY L. ZERMAN, ESQ.

*Signatures on next page to preserve live hyperlink*

ELENA RUTH SASSOWER

Read & approved by: ______________________
GARY L. ZERMAN, ESQ.

## ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

Short Title: In Re: Elena Ruth Sassower Docket No.: 26-1905

Lead Counsel of Record (name/firm) ~~or Pro se Party (name)~~: Gary L. Zerman, Esq.

Appearance for (party/designation): Center for Judicial Accountabiity, Inc. on its own behalf & on behalf of the People of the State of NY & the Public Interest

## DOCKET SHEET ACKNOWLEDGMENT/AMENDMENTS

**Caption** as indicated is:
☐ Correct
☑ Incorrect. See ~~attached caption page with corrections~~. July 16, 2026 letter.

**Appellate Designation** is:
☐ Correct
☐ Incorrect. The following parties do not wish to participate in this appeal:
Parties: ______
☐ Incorrect. Please change the following parties' designations:
Party Correct Designation

**Contact Information** for Lead Counsel/Pro Se Party is:
☑ Correct
☐ Incorrect or Incomplete. As an e-filer, I have updated my contact information in the PACER "Manage My Account" screen.

Name: ______
Firm: ______
Address: ______
Telephone: ______ Fax: ______
Email: ______

## RELATED CASES

☑ This case has not been before this Court previously.
☐ This case has been before this Court previously. The short title, docket number, and citation are: ______

☐ Matters related to this appeal or involving the same issue have been or presently are before this Court. The short titles, docket numbers, and citations are: ______

## CERTIFICATION

I certify that ☐ I am admitted to practice in this Court and, if required by LR 46.1(a)(2), have renewed my admission on ______ OR that ☑ I applied for admission on July 15, 2026 ______ or renewal on ______. If the Court has not yet admitted me or approved my renewal, I have completed Addendum A.

Signature of Lead Counsel of Record: Gary L. Zerman 7/30/2026

Type or Print Name: Gary L. Zerman, Esq.

OR

Signature of pro se litigant: ______

Type or Print Name: ______

☐ I am a pro se litigant who is not an attorney.
☐ I am an incarcerated pro se litigant.

# ADDENDUM A TO ACKNOWLEDGMENT AND NOTICE OF APPEARANCE

**Instructions:** This addendum must be (1) completed by counsel whom the Court has not yet admitted or approved for renewed admission, (2) submitted electronically as a separate attachment when filing the Acknowledgment and Notice of Appearance (use the multiple attachments option when filing the Acknowledgment and Notice of Appearance) with client personal contact information redacted, and (3) submitted in unredacted form in accordance with the procedures outlined in Local Rule 25.2(c) and (d). If counsel represents multiple parties in the same appeal for which the Acknowledgment and Notice of Appearance is being filed, the attorney must separately list each client and provide the client's personal contact information. Attach additional pages as necessary.

**Case Information:**

Short Title: In Re: Elena Ruth Sassower Docket Number: 26-1905

**Personal Contact Information:**

Client 1:

Name: Center for Judicial Accountability, Inc.
Address: Box 8101 White Plains, New York 10602
Telephone: 914-421-1200 Fax:
Email: mail@judgewatch.org

Client 2:

Name:
Address:
Telephone: Fax:
Email:

Client 3:

Name:
Address:
Telephone: Fax:
Email:

Client 4:

Name:
Address:
Telephone: Fax:
Email:

Client 5:

Name:
Address:
Telephone: Fax:
Email:

CENTER *for* JUDICIAL ACCOUNTABILITY, INC.

***Post Office Box 8101*** ***Tel. (914)421-1200*** ***E-Mail: mail@judgewatch.org***
***White Plains, New York 10602*** ***Website: www.judgewatch.org***

July 16, 2026

TO: Second Circuit Court of Appeals
ATT: Case Manager Steve Giovanniello

FROM: Elena Sassower, Petitioner *Pro Se*

RE: Docket #26-1905 – July 10, 2026 Verified Petition for a Writ of Mandamus
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*

Following up our phone conversation late yesterday afternoon (212-857-8529), for which I thank you, here, as you requested, is petitioners' letter that I understood you to say would be docketed, requesting that the short title of petitioners' mandamus proceeding, currently appearing at the top of the Second Circuit's electronic docket as "In Re: Elena Ruth Sassower", be corrected to, at very least, "In Re: Center for Judicial Accountability, Inc."

This is consistent with the above full title of petitioners' July 10, 2026 Verified Petition for a Writ of Mandamus, where the Center for Judicial Accountability, Inc. is the FIRST petitioner, not me.

Indeed, also needing to be corrected is what you stated, at least initially, to be the full title of the mandamus proceeding appearing later down on the Second Circuit's docket. Here's the print-out of the docket that, with your assistance, I was able to access. Only in writing this letter did I read the portion to which you referred me (at p. 5) – and it is also incorrect, TOTALLY:

- It first furnishes a slightly more expanded shortened title as "In Re: Elena Ruth Sassower, Center for Judicial Accountability, Inc., Petitioners" – which is incorrect;

- It then furnishes, in case caption formatting, the supposed full title, beginning with the petitioners, now identified as "Elena Ruth Sassower, individually and as director of the Center for Judicial Accountability, Inc., Center For Judicial Accountability, Inc., acting on its own behalf and on behalf of the People of the State of New York & the Public Interest – which is incorrect, including by substituting the word "its" for "their" so as to make it appear that I am not also, and in two capacities, "acting…on behalf of the People of the State of New York & the Public Interest".[1]

[1] The capitalization of "For" is also incorrect.

- It then continues, in case caption formatting, to identify 34 respondents – and this too is incorrect. There are NO respondents, other than Judge Karas – and I set this forth by my Certificate of service/delivery, attached to the end of the July 10, 2026 Verified Petition for a Writ of Mandamus that at 1:10 pm on July 10th I e-mailed for electronic filing to prosecases@ca2.uscourts.gov and newcases@ca2.uscourts.gov, paying the $600 filing fee, in cash, in person, at about 3:10 pm, at the Second Circuit Courthouse, Room 150, to Records Administrative Manager Richard Alcantara because *pro se* litigants, who are not attorneys, are not permitted to pay electronically. Moreover, the 34 captioned respondents are incorrectly identified – the correct identification would be the same as the 34 defendants in the caption of the October 29, 2025 verified amended complaint in *Center for Judicial Accountability, Inc., et al. v. Legislative Correspondents Association, Inc., et al.* (25-CV-8370), before Judge Karas.[2]

The erroneousness of this supposed full title of the mandamus proceeding is replicated in the docket's preceding section for parties (at pp.1-4), beginning with the first two boxes for petitioners (at p. 1), followed by 34 boxes for the 34 purported respondents (at pp. 1-4). This includes attaching the words "representative of other New York & national media" to the purported 25th respondent, THE FREE PRESS (at p.1).[3]

I have discussed the foregoing with petitioner CJA's counsel Gary Zerman, who has read and approved the letter – and, with me, has signed it on the next page, so as not to destroy the live hyperlinks. **Both of us request that, if possible, the shortened title of the mandamus proceeding be the same as appears in the subject line of my initial July 10, 2026 e-mail and in my two July 13, 2026 e-mails (here & here), *to wit*, "In re Center for Judicial Accountability, Inc. & Elena Ruth Sassower, on their own behalf & on behalf of the People of New York State & the Public Interest"**

Thank you.

---

[2] I understood you to say that the SDNY's listing of defendants on its docket for 25-CV-8370 was the model for the Second Circuit's listing of respondents on its docket for 26-1905. However, the SDNY docket does NOT replace their names, as the Second Circuit's docket does, with the names of their parent entities.

[3] The original October 8, 2025 verified complaint had 25 defendants, with THE FREE PRESS, being the last, followed, in italics, by the words, "*representative of other New York & national media*". The October 29, 2025 verified amended complaint added 9 additional defendants, signifying this by * * * after THE FREE PRESS – and placing "*representative of other New York & national media*" after the now last 34th defendant.

ELENA RUTH SASSOWER

7/16/2026

GARY L. ZERMAN, ESQ.

**From:** elena@judgewatch.org
**Sent:** Thursday, August 6, 2026 9:26 PM
**To:** 'cit_mgmt@ca2.uscourts.gov'; 'newcases@ca2.uscourts.gov'; 'prosecases@ca2.uscourts.gov'
**Cc:** Gary Zerman (gzerman243@gmail.com)

**Subject:** **Docket #26-1905/Mandamus Proceeding -- Aug 6th letter "Docket Tampering & Invidious, Selective Treatment..."**

**Attachments:** upload-aug6-2026-ltr-to-case-management.pdf

**TO: Second Circuit Court of Appeals Case Management Team**

Above-attached for docketing is petitioners' August 6th letter to you entitled "Docket Tampering & Invidious, Selective Treatment – Was petitioners' July 30th letter to Clerk O'Hagan Wolfe forwarded to her &, by her, furnished to Chief Judge Lohier?".

As stated in its final paragraph (at p. 7):

> "…please advise – and immediately – whether petitioners' July 30th letter was forwarded to Clerk O'Hagan Wolfe, whether she furnished it to Chief Judge Lohier, and who is responsible for the docketing decisions and entries herein. If not, please immediately forward this letter to Chief Judge Lohier for his response and corrective action." (underlining in the original).

Thank you.

Elena Sassower, Petitioner *Pro Se*

CENTER *for* JUDICIAL ACCOUNTABILITY, INC.

***Post Office Box 8101*** ***Tel. (914)421-1200*** ***E-Mail: mail@judgewatch.org***
***White Plains, New York 10602*** ***Website: www.judgewatch.org***

August 6, 2026

TO: Second Circuit Court of Appeals Case Management Team

FROM: Elena Sassower, Petitioner *Pro Se*

RE: Docket Tampering & Invidious, Selective Treatment
**Was petitioners' July 30th letter to Clerk O'Hagan Wolfe forwarded to her &, by her, furnished to Chief Judge Lohier?**
Docket #26-1905 – Mandamus Proceeding:
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc. and ELENA RUTH SASSOWER, individually and as director of the Center for Judicial Accountability, Inc., *acting on their own behalf and on behalf of the People of the State of New York & the Public Interest*

Please advise as to who is responsible for the docketing decisions and entries that I discovered on August 4th and discussed, from 2:57 pm to 3:14 pm, with Lhamo Tsering, who answered the phone when I called the number printed at the bottom of the July 31st "NOTICE OF DEFECTIVE FILING", docket #14, pertaining to my "2nd Affidavit in Further Support of Mandamus & Other Relief", docket #12, whose previously-live hyperlink had been removed – a conversation that started with docket #15, having no hyperlink, whose bizarre text, preceded by an incomprehensible date "7/31/2026", read:

> "LETTER, dated 07/28/2026, regarding correction and clarification in response to 07/29/2026 order, on behalf of Petitioner Elena Ruth Sassower, RECEIVED. Service date 07/31/2026 by No Service. [Entered: 08/04/2026 10:45 AM]".

Obviously, a letter "dated 07/28/2026" could not be seeking "correction and clarification" of an order whose date is "07/29/2026" – a fact Ms. Tsering did not dispute, even before I read to her the text of my July 30th e-mail that had transmitted the July 30th letter, whose two sentences stated:

> "Above-attached for docketing is petitioners' July 30th letter to Clerk Catherine O'Hagan Wolfe, constituting our response to her 'For the Court' July 29th Order denying the July 15th motion for *pro hac vice* admission of petitioner CJA counsel Gary Zerman.
>
> Please also immediately forward the letter to Clerk O'Hagan Wolfe so that, as the letter requests (at p. 5), she can, in turn, immediately furnish it to Chief Judge Raymond Lohier, Jr. for his 'supervisory evaluation of how this 'Electorally Time-Sensitive' mandamus proceeding has been proceeding – or not – since its July 10th filing.'" (italics and underlining in the original).

Ms. Tsering would not confirm that the July 30th letter had been forwarded to Clerk O'Hagan Wolfe and furnished to Chief Judge Lohier – or that Clerk O'Hagan Wolfe had removed herself, or been removed, from any contact with this mandamus proceeding by reason of what the letter described (at p. 4) as her "decades at the Appellate Division, First Department and at this Court" from which she has knowledge of:

> "facts, extrajudicial to this mandamus proceeding, giving rise to [her] personal bias against petitioners and direct knowledge of, and interest in, what is particularized by our underlying October 29th verified amended complaint and December 19th affidavit demonstrating subject matter jurisdiction, and by our 'timely and sufficient' June 4th affidavit for Judge Karas' disqualification/disclosure pursuant to 28 U.S.C §§144 and 455 – the subject of our July 10th Verified Petition for a Writ of Mandamus, to which the SOLE respondent is Southern District of New York Judge Karas, so-identified by our July 10th certificate of service/delivery, annexed thereto and by our July 16th letter (at p 2)." (hyperlinking & capitalization in the original).

As to this, I shared with Ms. Tsering some additional facts as to Clerk O'Hagan Wolfe's knowledge, from 25 years ago, when she was the Appellate Division, First Department's Clerk and I, as the Center for Judicial Accountability's then coordinator, had an appeal before it against the New York State Commission on Judicial Conduct.

In response to my question as to why docket #15 had no hyperlink for the July 30th letter, Ms. Tsering explained that this was because it was "in the process of being defected" – in other words, it would be rejected by a "NOTICE OF DEFECTIVE FILING", comparable to that for docket #14, though without the so-called "DEFECTIVE FILING" having ever been hyperlinked on the docket, as #12, my "2nd Affidavit in Further Support of Mandamus & Other Relief", had been. In asking Ms. Tsering what the "defect" was, I believe she stated the requirement of a motion.

In any event, I discussed with Ms. Tsering the motion requirement that was the purported reason for the #14 docket entry pertaining to #12, my "2nd Affidavit in Further Support of Mandamus & Other Relief", whose description on the docket, preceded by a date of "7/31/2026", reads:

> "DEFECTIVE DOCUMENT, Supplementary Papers, at docket entry 12, on behalf of Petitioner Elena Ruth Sassower, copy to pro se appellant, FILED. [Entered: 07/31/2026 04:25 PM]".

The docket #14 hyperlink is the July 31st "NOTICE OF DEFECTIVE FILING", identifying the "Short Title" of the case as "In Re: Elena Ruth Sassower" and stating:

> "On July 27, 2026 the Supplementary Papers, on behalf of the Petitioner Elena Sassower, was submitted in the above referenced case. The document does not comply with the FRCP or the Court's Local Rules for the following reason(s):",

The sole "reason[]" that follows is stated as:

> "Other: **A motion for leave to file supplemental papers in support of the Mandamus Petition is required**." (underlining and bold in the original).

Notably, no citation is furnished for the purported "motion for leave to file" requirement of "the FRAP or the Court's Local Rules" – and none is reflected by:

- FRAP 27 "Motions";
- Local Rule 27.1 "Motions";
- FRAP 21 "Writs Of Mandamus And Prohibition, and Other Extraordinary Writs";
- Local Rule 21.1 "Writs; Electronic Payment of Filing Fee; Number of Paper Copies".

Where can I find the "motion for leave to file" requirement – and, *if it exists*, why does it apply to my "2nd Affidavit in Further Support of Mandamus & Other Relief", dated and filed July 27th and docketed, though no longer linked, as #12, but NOT to my "Affidavit in Further Support of Mandamus & Other Relief", dated and filed July 13th and docketed and linked as #2? Is it because the 2nd Affidavit, enclosing petitioner's July 24th Rule 60(b) vacatur motion, is dispositive of the jurisdiction-less fraud committed by Judge Karas' July 10th Order of Dismissal, seeking to moot the mandamus proceeding?

FRAP 21(b)(6) states that mandamus "must be given preference over ordinary civil cases" – and I quoted this to Mr. Tsering, stating that such "motion for leave to file" requirement for mandamus proceedings would be inconsistent with the expedition to which they are entitled, asserted by the July 30th letter (at p. 4) in a paragraph reading:

> **"We request your response to this letter's questions, as immediately as possible** – this being a mandamus proceeding entitled to expedition and necessitating same in the '**catastrophic, emergency situation'** which the July 10th Verified Petition for a Writ of Mandamus describes (at pp. 5-6) and our July 13th affidavit in further support reiterates (at ¶7):
>
> > 'mandamus being an 'extraordinary writ', it is appropriate to the **extraordinary, catastrophic, emergency situation presented by petitioners'** October 29, 2025 verified amended complaint, chronicling, ***with evidence entitling them to summary judgment***, the destruction of New York's 'Republican Form of Government', concealed and abetted by defendants' *knowingly* false, 'fake news' journalism, injuring, massively and irreparably,[fn] the State of New York and its People, including by rigging New York's elections, such as this year for governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for a dozen or so D.A.s, to which Judge Karas was specifically alerted by petitioners' February 23, 2026 letter and May 8, 2026 letter." (bold and hyperlinking in the original, with the footnote below). (bold,

underlining, hyperlinking, & italics in the original).

Indeed, the urgency of the situation was the basis upon which the July 30th letter stated:

> "because **TIME IS OF THE ESSENCE**, with the 2026 elections for New York's governor, lieutenant governor, attorney general, comptroller, all 213 state legislative seats, and for a dozen or so D.A.s now less than 100 days away, we request that you immediately furnish this letter to Second Circuit Chief Judge Raymond Lohier, Jr. for his supervisory evaluation of how this 'Electorally Time-Sensitive' mandamus proceeding has been proceeding – or not – since its July 10th filing." (at p. 5, capitalization & bold in the original).

Suffice to add that Local Rule 27.1(c) "Authority of Clerk to Decide Motions" reads: "The clerk is authorized to decide routine, unopposed procedural motions." In other words, such "motion for leave to file" as the July 31st "NOTICE OF DEFECTIVE FILING" asserts to be "required" for my "2nd Affidavit in Further Support of Mandamus & Other Relief", presumably at Clerk O'Hagan Wolfe's direction, is authorized to be decided by Clerk O'Hagan Wolfe – there being NO respondents to oppose it, other than Judge Karas, who, apparently, *IF* the docket is accurate, the Court has NOT "order[ed]…to answer within a fixed time", pursuant to FRAP 21(b)(1), or "invite[d] or order[ed]…to address the petition", pursuant to FRAP 21(b)(4), and who has NOT, himself, "request[ed] permission to address the petition", also pursuant to FRAP 21(b)(4), and, if he has, it has not been granted by the Court pursuant to FRAP 21(b)(4).

Is the docket accurate? Docket entry #8 states:

> "**PETITION FOR WRIT OF MANDAMUS, SERVED.** [Entered: 07/14/2026 03:55 PM]".

Yet FRAP 21 does NOT provide for Court service, other than pursuant to (b)(1) and (b)(2), reading:

> "(1) The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time.
>
> (2) The clerk must serve the order to respond on all persons directed to respond."

Where then is the Court's order, served upon Judge Karas, directing his "answer within a fixed time" – and why is it not docketed, with Judge Karas' response thereto? Why, too, is the hyperlinked #8, petitioners' July 10th Verified Petition for a Writ of Mandamus, unaccompanied by any notice that the Court has "SERVED" it, and upon whom, and for what purpose.[1]

---

[1] Even more concealing is the lower court docket, whose #32, posted "07/16/2026", does not identify "SERVICE" and reads "Petition for a Writ of Mandamus filed by Elena Ruth Sassower in the U.S. Court of Appeals for the Second Circuit..(nd) (Entered: 07/16/2026)". The #32 hyperlink is the same as this Court's hyperlinked #8.

As for the "motion for leave to file" that the July 31st "NOTICE OF DEFECTIVE FILING" purports as "required", Clerk O'Hagan Wolfe would, doubtless, delay in deciding it – as she did with Mr. Zerman's July 15th *pro hace vice* motion, docket #9, denied a full two weeks later by her indefensible July 29th "For the Court" Order, docket #11, concealing that pursuant to Local Rule 27.1(c) and Local Rule 45.1[2] it is she who denied the motion – a question asked at the outset of petitioners' July 30th letter.

Ms. Tsering having resisted my repeated requests for the identity of who has been making the docketing decisions herein and whether Chief Judge Lohier is aware of the July 30th letter, I requested to speak with Margaret, her supervisor, whose last name Ms. Tsering had declined to give me in each of our two prior phone conversations, on July 28th and July 30th. As to the second of these conversations, on July 30th, it was initiated by Ms. Tsering, who called me at 4:20 pm, by way of follow-up to our July 28th phone conversation that I had memorialized by a July 28th e-mail, whose last paragraph stated:

> "I have not yet heard back from your supervisor, Margaret, with whom I requested to speak about the incorrect shortened caption that has been given to the mandamus proceeding, as to which you stated a motion would have to be made, which I do not believe to be the case – because if it were, Mr. Giovanniello would have told me that when I called him about the incorrect shortened caption on July 15th, instructing me that what was necessary was a letter requesting the correction, signed by me and Mr. Zerman, which we did the next day, by a July 16th letter. The letter, docketed as #10, is annexed to my above-attached signed 'Acknowledgment and Notice of Appearance', e-mailed yesterday by the below. Indeed, as I stated to you, if a motion was required to correct a caption that the Court had incorrectly shortened, such would be stated in the 'Acknowledgment and Notice of Appearance Instructions', which asks about 'required corrections to the caption'." (underlining & hyperlinking in the original).

Ms. Tsering's July 30th phone call, whose purpose was to reiterate that petitioners would have to make a motion to correct the docket captions, came just as I and Mr. Zerman were finalizing the July 30th letter – and I took the opportunity of Ms. Tsering's call to discuss the letter with her, in considerable detail.

Notably, despite the supposed motion requirement for correcting the false docket captions, the docketed #10 July 16th letter was not rejected by a NOTICE OF DEFECTIVE FILING – and it is ONLY Ms. Tsering who has claimed, *orally*, that a motion is required, in our three phone conversations, on July 28th, July 30th, and August 4th.

I do not recollect if Ms. Tsering said she was unable to transfer my call to Margaret, but she offered me Margaret's phone number (#212-857-8534), which I already had because she had given it to

---

[2] Local Rule 45.1 "Clerk's Authority to Issue Orders" reads "The clerk signs and enters, electronically or otherwise, all orders on behalf of the court."

me in our July 30th phone conversation – and which, as I told Ms. Tsering, I had not thereafter called because I assumed petitioners' July 30th letter to be dispositive of the issues.

However, promptly upon the conclusion of my August 4th conversation with Ms. Tsering, I called Margaret's number, and, upon its pick-up by a voice recording seemingly identifying her last name as Lane, I left a voice message, which I extended, explaining why I was calling, first and foremost to ascertain, who was determining the docket herein – and whether, as I believed, it was Clerk O'Hagan Wolfe.

I have received no return call or e-mail communication since.

Within 15 minutes after my August 4th conversation with Ms. Tsering and voice message for Margaret, the bizarre docket entry #15 was "Edited 08/04/2026 03:27 PM". Now dated "7/30/2026", the entry read:

> "LETTER, dated 07/30/2026, regarding correction and clarification in response to 07/29/2026 order, on behalf of Petitioner Elena Ruth Sassower, RECEIVED. Service date 07/31/2026 by No Service. [Entered: 08/04/2026 10:45 AM] [Edited: 08/04/2026 03:27 PM]".

34 minutes later, pertaining to docket #15, a docket #16 was posted stating:

> "DEFECTIVE DOCUMENT, Letter dated 07/30/2026, at docket entry 15, on behalf of Petitioner Elena Ruth Sassower, copy to pro se appellant, FILED. [entered: 08/04/2026 04:01 PM]".

The hyperlinked docket #16 is an August 4th "NOTICE OF DEFECTIVE FILING", identifying the "Short Title" of the case as "In Re: Elena Ruth Sassower" and stating:

> "On July 30, 2026 the Letter, on behalf of the Petitioner Elena Sassower, was submitted in the above referenced case. The document does not comply with the FRCP or the Court's Local Rules for the following reason(s):".

The sole "reason[]" that follows is stated as:

> "Other: **Any request to the court must be filed in the form of a motion. All motions must include a T-1080 form, supporting papers and proof of service.**" (underlining & bold in the original).

The hedging "Any request to the court" is a deceit. The July 30th letter makes NO "request to the court". Rather, it seeks answers from Clerk O'Hagan Wolfe, to whom it is addressed, to questions establishing whether, as stated (at p. 2), this case is "being handled in an invidious, selective manner", as by her July 29th "For the Court" Order denying, indefensibly, Mr. Zerman's July 15th *pro hac vice* motion and employing a docket captioning she knew to be false and prejudicial – the product of her personal bias, borne of knowledge and interests, proscribed by Canon 3(F)(3) of the Judicial Conference's Code of Conduct for Judicial Employees and mandating that she "promptly

inform" Chief Judge Lohier so that he could take "appropriate steps".

As hereinabove recited, please advise – and immediately – whether petitioners' July 30th letter was forwarded to Clerk O'Hagan Wolfe, whether she furnished it to Chief Judge Lohier, and who is responsible for the docketing decisions and entries herein. If not, please immediately forward this letter to Chief Judge Lohier for his response and corrective action.

Thank you.

* This letter was discussed in draft and approved by Gary Zerman, Esq., who was unable to sign it, as read & approved, as he has been hospitalized today, admitted to the ICU, suffering from sepsis.

cc: Gary Zerman, Esq.