**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 26-1905

Caption [use short title]

In Re: Center for Judicial Accountability, Inc. & Elena Ruth Sassower, individually and as director of the Center for Judicial Accountability, Inc., acting on their own behalf and on behalf of the People of the State of New York & the Public Interest

**Motion for:** Circuit Judge Nardini's recall/vacatur of the August 28, 2026 Order bearing his name, but not signed by him, with its obvious falsehoods, incongruities, & impropriety

Set forth below precise, complete statement of relief sought:

(1) Granting petitioners' request, by their August 25, 2026 letter to Chief Judge Lohier, via Circuit Executive Jordan, that he determine their three August 24, 2026 motions -- the same as Judge Nardini's Order "REFER[S] to the panel that will determine the merits of the appeal"; (2) the names of the mandamus panel judges & when & by whom the mandamus panel was constituted & assigned. See attached.

**MOVING PARTY:** Petitioners

**OPPOSING PARTY:** SDNY Judge Kenneth M. Karas

☐ Plaintiff ☐ Defendant

☒ ~~Appellant~~/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Gary Zerman, Esq.; also Pro Se Petitioner

**OPPOSING ATTORNEY:** NA

[name of attorney, with firm, address, phone number and e-mail]

23935 Philbrook Avenue, Valencia, California 91354

661-259-2570; gzerman243@gmail.com

Pro Se Petitioner: 914-421-1200; elena@judgewatch.org

Court- Judge/ Agency appealed from: SDNY Judge Kenneth M. Karas

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☒ No (explain): NA

Opposing counsel's position on motion: NA
☐ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, ~~MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL~~:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:
IMMEDIATE RETURN DATE REQUESTED
ELECTORALLY TIME-SENSITIVE MANDAMUS PROCEEDING
See July 10, 2026 Verified Petition for a Writ of Mandamus
(3rd reason for granting the writ)

Is the oral argument on motion requested? ☒ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☐ No If yes, enter date: No date set for oral argument on verified mandamus petition

**Signature of Moving Attorney:** Gary L. Zerman Elena Ruth Sassower 9/1/26 **Date:** 9/1/26 ~~Service: ☐ Electronic ☐ Other [Attach proof of service]~~ NA

**Form T-1080** (rev. 10-23)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

---

**In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc. and ELENA RUTH SASSOWER, individually and as director of the Center for Judicial Accountability, Inc., *acting on their own behalf and on behalf of the People of the State of New York & the Public Interest***

**Docket #26-1905**

**Affirmation/Affidavit in Support of Petitioners' Sept. 1, 2026 Motion**

Oral Argument Requested

---

1. We are, respectively, GARY L. ZERMAN, ESQ., attorney for the corporate petitioner CENTER FOR JUDICIAL ACCOUNTABILITY, Inc., and ELENA RUTH SASSOWER, the *pro se* petitioner individually and as director of the Center for Judicial Accountability, Inc. We submit this affirmation/affidavit in support of our motion for Circuit Judge William J. Nardini to recall/vacate the August 28th Order bearing his name but not signed by him, with its obvious falsehoods, incongruities, and impropriety.

2. The "precise, complete statement of relief" our motion seeks is:

- the granting of our request, by our August 25th letter to Chief Judge Raymond Lohier, *via* Circuit Executive Michael Jordan,[1] that the Chief Judge decide our three August 24th motions – the same three motions as the August 28th Order "REFER[S] to the panel that will determine the merits of the appeal"; and

- the names of the mandamus panel judges and when and by whom the mandamus panel was constituted and assigned.

3. Although the top of the August 28th Order features Judge Nardini's name, Judge Nardini has inexplicably not signed it. Instead, at the bottom of the two-sentence Order – and notwithstanding its single recital sentence reading:

---

[1] The August 25th letter is additionally annexed, followed by the August 26th/August 25th e-mails that had transmitted it.

> "Petitioner Elena Ruth Sassower, pro se, moves for leave to file a supplement to her pending petition for a writ of mandamus and for a court order directing the Clerk of Court to respond to her letters dated July 30, 2026 and August 6, 2026." (underlining added),

reflecting Clerk O'Hagan Wolfe's interest, though not its gravity – her name incongruously appears "For the Court", with her electronic signature superimposed over a depiction of the seal of the Second Circuit Court of Appeals. The impropriety of this – and its concealment of Clerk O'Hagan Wolfe's flagrant continued violation of Canon 3(F)(3) of the Code of Conduct for Judicial Employees, entitled "Conflicts of Interest" – is OBVIOUS from our three August 24th motions (Dkt #19, Dkt #20, Dkt #21), starting with their T1080 Motion Information Statements, each succinctly identifying, as required, the motions and the "precise statement of relief sought":

> Docket #19:
>
> "Motion for: Court order granting petitioners leave to file their '2nd Affidavit in Further Support of Mandamus & Other Relief', previously filed July 27, 2026" –
>
> "Compliance with July 31, 2026 'Notice of Defective Filing' without prejudice to petitioners' contention that same is without basis in fact and law & is a retaliation vs them for their July 30, 2026 letter to Clerk O'Hagan Wolfe – the subject of their August 13, 2026 complaint vs her to Chief Judge Lohier via Circuit Executive Jordan (see attached)".
>
> Docket #20:
>
> "Motion for: Court Order directing Clerk O'Hagan Wolfe to answer petitioners' July 30, 2026 letter to her inquiring as to docket tampering & selective, invidious treatment" –
>
> "Compliance with August 4, 2026 'Notice of Defective Filing' without prejudice to petitioners' contention that same is a retaliation vs them for their July 30, 2026 letter to Clerk O'Hagan Wolfe – the subject of their August 13, 2026 complaint vs her to Chief Judge Lohier via Circuit Executive Jordan (see attached)".
>
> Docket #21:
>
> "Motion for: Court order directing Clerk O'Hagan Wolfe to answer petitioners' August 6, 2026 letter to Case Management Team inquiring as to docket tampering & selective, invidious treatment" –

> "Compliance with August 12, 2026 'Notice of Defective Filing' without prejudice to petitioners' contention that same is a retaliation vs them for their July 30, 2026 letter to Clerk O'Hagan Wolfe – the subject of their August 13, 2026 complaint vs her to Chief Judge Lohier via Circuit Executive Jordan (see attached)".

4. As for the motions' sole attachment – the referred-to August 13th complaint – it is entitled:

> "The Chief Judge's 'Administrative Responsibilities' pursuant to Canon 3B of the Code of Conduct for U.S. Judges – & Duty of Enforcement of the Code of Judicial Employee Conduct: Docket Tampering, Invidious, Selective Treatment, & Fraud, Arising from Clerk Catherine O'Hagan Wolfe's Undisclosed Conflicts of Interest" (underlining in the original)

and annexes, in substantiation, our July 30th letter to Clerk O'Hagan Wolfe entitled "Correcting and Clarifying Your July 29, 2026 'For the Court' Order" and our August 6th letter to case management entitled "Docket Tampering & Invidious Selective Treatment…", both themselves seeking Clerk O'Hagan Wolfe's compliance with Canon 3(F)(3) of the Code of Conduct for Judicial Employees.

5. Based on the absence of Judge Nardini's signature and the presence of Clerk O'Hagan Wolfe's incongruous "For the Court" electronic signature, we reasonably question whether the Order is actually Judge Nardini's – and this is reinforced by the Order's other falsehoods that Judge Nardini would have immediately discerned from our August 24th motions, had he examined them, even passingly, *to wit*:

- the Order's false captioning of "Docket No. 26-1905" – identical to that on Clerk O'Hagan Wolfe's July 29th Order denying Gary Zerman's July 15th motion for *pro hoc vice* admission, strenuously objected to by our July 30th letter, annexed to our motions, to which our July 16th letter to case management is attached;
- the Order's falsehood that "Petitioner Elena Ruth Sassower, pro se" made the motions, as if they were not also made by Petitioner Center for Judicial Accountability, Inc. by its attorney Gary Zerman, although this is explicit

from all three T1080 Motion Information Statements (Dkt #19, Dkt #20, Dkt #21); and

- the Order's falsehood that Petitioner Sassower moved "for leave to file a supplement to her pending petition for a writ of mandamus", as if the July 10th Verified Petition for a Writ of Mandamus and "leave to file" motion were not also by the Center for Judicial Accountability – and concealing that the "leave to file" motion was for our "2nd Affidavit in Further Support of Mandamus & Other Relief".

6. As for the Order's single-sentence disposition:

> "IT IS HEREBY ORDERED that the motions are REFERRED to the panel that will determine the merits of the appeal" (capitalization in the original, underlining added),

it is also false, as petitioners have NO "appeal". Rather, as emphasized by capitalized type in each our three T1080 Motion Information Statements (Dkt #19, Dkt #20, Dkt #21), we have an "ELECTORALLY TIME-SENSITIVE MANDAMUS PROCEEDING".

7. Was the mandamus panel promptly constituted and assigned following our July 10th filing of our Verified Petition for a Writ of Mandamus – and was it constituted and assigned by Clerk O'Hagan Wolfe? That such panel was long ago obliged to determine the "merits" of the July 10th Verified Petition for a Writ of Mandamus is reflected by our August 6th letter (at pp. 3-4) pointing out that "FRAP 21(b)(6) states that mandamus 'must be given preference over ordinary civil cases'" and that FRAP 21(b)(1) and (2) require, absent "The court deny[ing] the petition without an answer…it must order the respondent…to answer within a fixed time" and "The clerk must serve the order".

8. Yet, it appears from "Docket No. 26-1905", including its entry #8 – about which our August 6th letter (at p. 4) specifically inquired, preceded by the sentence "Is the docket accurate?" – that the panel STILL has not ordered Judge Karas to answer our July 10th Verified Petition for a Writ of Mandamus to compel his disqualification, despite our *matter of law*

entitlement based on our "timely and sufficient" June 4th affidavit for his disqualification/disclosure pursuant to 28 U.S.C. §§144 and 455, *uncontested by him*, divesting him of jurisdiction, as of its June 4th filing, by the express terms of 28 U.S.C. §144, commanding that he "shall proceed no further" and that "another judge shall be assigned" – and rendering his jurisdiction-less, fraudulent July 10th Order attempting to moot our already-commenced mandamus proceeding a nullity – the subject of our July 13th "Affidavit in Further Support of Mandamus & Other Relief", docketed as #2, and further amplified by our July 27th "2nd Affidavit in Further Support of Mandamus & Other Relief", initially docketed as #12, but then, on July 31st, "defected" as requiring a "motion for leave to file".

9. Who are the three judges constituting the mandamus panel, who, knowing we have a *matter of law* entitlement to the granting of our July 10th Verified Petition for a Writ of Mandamus, have not ordered an answer from Judge Karas so as to further confirm it and enable our underlying electorally time-sensitive, clearly epic, summary judgment lawsuit to proceed before another judge? The August 28th Order does not identify the panel judges – including whether Judge Nardini is one and whether, as might reasonably be expected in a mandamus proceeding of this gravity and historic dimension, Chief Judge Lohier is another.

10. As for our August 25th letter to Chief Judge Lohier, *via* Circuit Executive Jordan, to which we *cc*'d case management, new cases, and *pro se* cases, requesting that the Chief Judge decide our three August 24th motions – to which the August 28th Order makes no mention – did Clerk O'Hagan Wolfe and case management under her direction even inform Judge Nardini of it?

11. It is Clerk O'Hagan Wolfe's brazen conflict-of-interest-driven misconduct that has necessitated our three August 24th motions. Her indefensibly false and incongruous "For the Court" August 28th Order, hiding behind Judge Nardini's name, further evidences this misconduct

and her continuing flagrant violation of her duty to voluntarily remove herself from all contact with this mandamus proceeding. Such not only supplements and reinforces our August 13th complaint against her to Chief Judge Lohier, but our August 25th request that he himself determine the August 24th motions, which, by virtue of his 12-day head-start with the July 13th complaint, he "**should be able to determine…IMMEDIATELY**" (bold and capitalization at p. 2 of August 25th letter).

12. Assuredly, Judge Nardini would agree that the August 24th motions are irrelevant to the mandamus panel's "merits" determination of our mandamus entitlement, as such rests on our July 10th Verified Petition for a Writ of Mandamus and the record before Judge Karas, prior thereto and since, whose last entry is our July 27th letter to Judge Karas attaching the same DISPOSITIVE July 27th "2nd Affidavit in Further Support of Mandamus & Other Relief" as case management under Clerk O'Hagan Wolfe "defected" as requiring a "motion for leave to file". Indeed, the primary value of the August 24th motions – and of this motion – for the mandamus panel is as a demonstration of the lengths Clerk O'Hagan Wolfe would go to delay, if not derail, the panel's granting of mandamus, which is *as a matter of law*.

*Signed & notarized on next page to preserve above live hyperlinks*

GARY L. ZERMAN, ESQ., Attorney for Petitioner CENTER FOR JUDICIAL ACCOUNTABILTY, Inc. and on behalf of the People of the State of New York & the Public Interest

September 1, 2026
Valencia, California

ELENA RUTH SASSOWER, Petitioner *Pro Se*
Individually and as Director of the Center for Judicial Accountability, Inc. (CJA), and on behalf of the People of the State of New York & the Public Interest

Sworn to before me this
1st day of September 2026

Notary Public

JAIR E. CORREA
Notary Public - State of New York
No. 04CO6446153
Qualified in Westchester County
My Commission Expires 01/17/2027

CENTER for JUDICIAL ACCOUNTABILITY, INC.

*Post Office Box 8101* *Tel. (914)421-1200* *E-Mail: mail@judgewatch.org*
*White Plains, New York 10602* *Website: www.judgewatch.org*

August 25, 2026

TO: Second Circuit Court of Appeals Circuit Executive Michael Jordan

FROM: Elena Sassower, Petitioner *Pro Se*
Docket #26-1905 – Mandamus Proceeding:
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and
as director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People*
*of the State of New York & the Public Interest*

RE: Petitioners' August 13, 2026 Complaint: "Docket Tampering, Invidious, Selective Treatment, & Fraud, Arising from Clerk Catherine O'Hagan Wolfe's Undisclosed Conflicts of Interest" – and Request that Chief Judge Lohier Decide Petitioners' Three August 24, 2026 Motions Resting Thereon.

I have received NO acknowledgment, complaint number, or anything else regarding petitioners' August 13th letter to you for forwarding to Chief Judge Lohier, as a formal complaint, so that he could discharge his "Administrative Responsibilities" pursuant to Canon 3B of the Code of Conduct for United States Judges to enforce violations of the Code of Conduct for Judicial Employees by Clerk O'Hagan Wolfe and those under her direction.

Indeed, there has been NO indicia of even the most basic "appropriate action", such as correcting the false captioning of docket #26-1905 – requiring nothing more than a one-second comparison of the docket's captioning to the caption of the July 10th Verified Petition for a Writ of Mandamus, with the further particulars spelled out by petitioners' July 16th letter to case management that is part of the complaint.

Why has the false and prejudicial docket captioning still *not* been corrected, as of 3:49 p.m. today? **Please confirm that you forwarded the August 13th complaint to Chief Judge Lohier and, additionally, that this follow-up and updating letter is also being forwarded to him.**

By way of update, in the absence of discernible action with respect to the August 13th complaint, petitioners yesterday filed with case management three motions in compliance with the three **retaliatory** "Notice(s) of Defective Filing" that the complaint had identified (at p. 3) and particularized. Here is the e-mail transmitting the motions to case management and here are the motions #1, #2, and #3 – which, in addition to the required "Motion Information Statement", are each substantiated by the August 13th complaint.

**Who will be deciding these three motions, each designated "EMERGENCY MOTIONS", requesting an "IMMEDIATE RETURN DATE" for this "ELECTORALLY TIME-SENSITIVE PROCEEDING"?** As it cannot be Clerk O'Hagan Wolfe, who, as stated by the August 13th complaint (at p. 3), is disqualified for "demonstrated actual bias arising from her direct and immense conflicts of interest and extrajudicial knowledge",[1] **petitioners request that the motions be decided by Chief Judge Lohier, who, by now, 12 days since petitioners' August 13th complaint, should be able to determine them IMMEDIATELY.**

I affirm the foregoing to be true under penalties of perjury.

Thank you.

s/ELENA RUTH SASSOWER

Read & approved by: s/GARY L. ZERMAN, ESQ.

*Signatures on next page to preserve live hyperlinks*

cc: Case Management, New Cases, *Pro Se* Cases

---

[1] As stated by the August 13th complaint (at p. 2):

> "I am ready, willing, able, and eager to give testimony, under oath, in support of this complaint against Clerk O'Hagan Wolfe…"

Surely, by now, as Canon 3(F)(3) of the Code of Conduct for Judicial Employees requires, Clerk O'Hagan Wolfe would have informed Chief Judge Lohier of her direct knowledge of, and participation in, the destruction of constitutional, lawful New York state governance by the New York state courts and such "public protection"/oversight entities as its Inspector General, its Attorney Grievance Committees, the New York State Commission on Judicial Conduct, the New York State Attorney General, and New York's District Attorneys, particularized by petitioners' October 29, 2025 verified amended complaint. Here, as illustrative of a sliver of that knowledge and participation, is my December 22, 2003 letter to her, the then Clerk of the Appellate Division, First Department, in her capacity as counsel to the sham Judicial Institute on Professionalism in the Law – to which I received no response from her because, apparently, she did not respond. *See* here & here.

Suffice to add that in 2012, during the SAME period as my father, George Sassower, would be filing complaints against Judge Karas for corruption in *Villela v. Santagata*, 87 Civ. 1450 (SDNY) – recited at ¶¶8-11 of petitioners' "timely and sufficient" June 4, 2026 affidavit for his disqualification/disclosure pursuant to 28 USC §§144 and 455 – my father was also filing complaints against Second Circuit Clerk O'Hagan Wolfe for her August 24, 2010 "FOR THE COURT" Order in *Sassower v. Mahoney* (10-2371-mv) pertaining to "N.D.N.Y. 88-cv-563 McAvoy, J.", of which he had no notice until January 26, 2012. He stated this in a January 26, 2012 letter to her bearing a "Re" clause identifying, in addition to #10-2371, a docket number from 25 years earlier, #87-8028.

Ironically, on July 10, 2026, when I paid the $600 filing fee in Room 150 to commence this mandamus proceeding and did a search of my father's name at the computer terminal there, *Sassower v. Mahoney*, at docket #10-2371, was, as I recollect, the ONLY case that came up – and its docket sheet does NOT reflect my father's January 26, 2012 letter to Clerk O'Hagan Wolfe, nor his March 12, 2012 letter to her, the latter expressly requesting that it be added to the #10-2371 docket sheet.

Petitioner ELENA RUTH SASSOWER

Read & approved by: ______________________________
Petitioner Center for Judicial Accountability, Inc. Counsel GARY L. ZERMAN, ESQ.

**From:** elena@judgewatch.org
**Sent:** Wednesday, August 26, 2026 9:39 AM

**To:** 'Alana Chill'

**Cc:** 'cit_mgmt@ca2.uscourts.gov'; 'newcases@ca2.uscourts.gov'; 'prosecases@ca2.uscourts.gov'; Gary Zerman (gzerman243@gmail.com)

**Subject:** **Corrected/Superseding -- Docket #26-1905/Mandamus Proceeding -- Follow-Up & Update to Petitioners' Aug 13, 2026 Complaint vs Clerk O'Hagan Wolfe**

**Attachments:** aug25-2026-ltr-to-circuit-exec-jordan-for-chief-judge-lohier.pdf

Dear Ms. Chill,

The letter sent yesterday by my below e-mail contained errors in its one and only footnote, which I have now corrected by the above attached. Please supersede that letter with this and forward, as requested.

Thank you – and apologies for the inconvenience.

Elena Sassower
---------------------------------------------------------------

---

**From:** elena@judgewatch.org <elena@judgewatch.org>
**Sent:** Tuesday, August 25, 2026 4:35 PM

**To:** 'Alana Chill' <Alana_Chill@ca2.uscourts.gov>

**Cc:** 'cit_mgmt@ca2.uscourts.gov' <cit_mgmt@ca2.uscourts.gov>; 'newcases@ca2.uscourts.gov' <newcases@ca2.uscourts.gov>; 'prosecases@ca2.uscourts.gov' <prosecases@ca2.uscourts.gov>; Gary Zerman (gzerman243@gmail.com) <gzerman243@gmail.com>

**Subject: Docket #26-1905/Mandamus Proceeding -- Follow-Up & Update to Petitioners' Aug 13, 2026 Complaint vs Clerk O'Hagan Wolfe**

Dear Ms. Chill,

Attached is petitioners' self-explanatory letter of today's date to Circuit Executive Jordan, for forwarding to Chief Judge Lohier, entitled: "Petitioners' August 13, 2026 Complaint: 'Docket Tampering, Invidious, Selective Treatment, & Fraud, Arising from Clerk Catherine O'Hagan Wolfe's Undisclosed Conflicts of Interest' – and Request that Chief Judge Lohier Decide Petitioners' Three August 24, 2026 Motions Resting Thereon."

Thank you.

Elena Sassower

----------------------------------------------

**From:** elena@judgewatch.org <elena@judgewatch.org>
**Sent:** Thursday, August 13, 2026 4:53 PM
**To:** 'Alana Chill' <Alana_Chill@ca2.uscourts.gov>
**Cc:** Gary Zerman (gzerman243@gmail.com) <gzerman243@gmail.com>

**Subject: Thank you, again Ms. Chill -- RE: Yesterday's Phone Conversation & Your Follow-Up**

Dear Ms. Chill,

Thank you again, for your assistance yesterday. Above attached, as below promised, is the letter to Circuit Executive Jordan, for forwarding to Chief Judge Lohier, enclosing the July 30th and August 6th letters that I furnished you yesterday and, additionally, the transmitting e-mails.

Please note that the originally transmitted August 6th letter had typos in dates [in] its first footnote, which I corrected.

Again, thank you.

Elena Sassower
-----------------------------------------------------

**From:** elena@judgewatch.org <elena@judgewatch.org>
**Sent:** Wednesday, August 12, 2026 4:16 PM
**To:** 'Alana Chill' Alana_Chill@ca2.uscourts.gov

**Subject: Thank you for your e-mail, which I have just seen -- RE: Phone Call Follow Up**

Dear Ms. Chill,

Thank you for your e-mail, which I have just seen. Tomorrow I will e-mail the letter, addressed to Circuit Executive Jordan's attention, for forwarding to Chief Judge Lohier

Meantime, above attached are the July 30th and August 6th letters I discussed with you, each requesting transmittal to the Chief Judge so that he could discharge supervisory responsibilities, each rejected as requiring a motion,

Thank you, again.

Elena Sassower

-----------------------------------------------

**From:** Alana Chill <Alana_Chill@ca2.uscourts.gov>
**Sent:** Wednesday, August 12, 2026 2:50 PM
**To:** elena@judgewatch.org

**Subject: Phone Call Follow Up**

Dear Ms. Sassower,

You can send a letter via email to me (alana_chill@ca2.uscourts.gov), to Circuit Executive Michael Jordan's attention, and I will pass it along to Mr. Jordan.

Thank you.

Best,
Alana

**Alana Chill**
Director of Workplace Relations/Assistant Circuit Executive for Legal Affairs
United States Courts for the Second Circuit
40 Foley Square
New York, NY 10007