**CENTER *for* JUDICIAL ACCOUNTABILITY, INC.**

***Post Office Box 8101*** ***Tel. (914)421-1200*** ***E-Mail: mail@judgewatch.org***
***White Plains, New York 10602*** ***Website: www.judgewatch.org***

October 13, 2026

TO: Second Circuit Court of Appeals Circuit Executive Michael Jordan

FROM: Elena Sassower, Petitioner *Pro Se*
Docket #26-1905 – Mandamus Proceeding:
In re CENTER FOR JUDICIAL ACCOUNTABILITY, Inc.
and ELENA RUTH SASSOWER, individually and as
director of the Center for Judicial Accountability, Inc.,
*acting on their own behalf and on behalf of the People of the State of New York & the Public Interest*

RE: The Second Circuit Judicial Council's delegation of administrative power and duties to you, pursuant to 28 U.S.C. §332(e), and its internal operating procedures for litigant complaints of violations of the Code of Conduct for Judicial Employees

This follows petitioners' August 13th and August 25th letters to you, constituting a complaint of "Docket Tampering, Invidious, Selective Treatment, & Fraud, Arising from Clerk Catherine O'Hagan Wolfe's Undisclosed Conflicts of Interest", for forwarding to Chief Judge Lohier – to which I have received NO response from you or from Chief Judge Lohier. Nor have I received any response from Alana Chill, your Director of Workplace Relations and Assistant Circuit Executive for Legal Affairs and Administration, to whom I spoke by phone on August 12th and whose e-mail address was the conduit for those letters and for my September 1st e-mail, furnishing petitioners' September 1st motion, chronicling Clerk O'Hagan Wolfe's *continued*, conflict-of-interest-driven violation of the Code of Conduct for Judicial Employees by her August 28th "For the Court" Order bearing Judge Nardini's name.

Petitioners now believe that it is you, whose duty it is, *in the first instance*, to handle litigant complaints against Second Circuit judicial employees, this having been delegated to you, pursuant to 28 U.S.C. §332(e), by the Second Circuit Judicial Council which appointed you, just as, pursuant to 28 U.S. Code §711, it appointed Clerk O'Hagan Wolfe.

**Please confirm that this is so – and furnish the Second Circuit Judicial Council's written delegation to you for handling litigant complaints against Second Circuit judicial employees – and the internal operating procedures it promulgated pertaining thereto, assuredly providing for litigant petitions for review of your handling of their complaints, either by the Chief Judge, the Judicial Council, or both**.

Finally, I again point out, much as I did in my August 12th conversation with Ms. Chill, that although the Second Circuit's website has a link for "Judicial Conduct", instructing how and to whom anyone may file a complaint against federal judges, it has NO corresponding link for

"Employee Conduct", instructing how and to whom litigants and members of the public may file complaints against federal judicial employees. Instead, it posts "Employee Rights and Reporting Wrongful Conduct", focused on employee complaints against other employees and against judges – as to which Ms. Chill's name and telephone number are identified for "The Employment Dispute Resolution Plan" and stating, "In sum", with respect to it and "The Judicial Conduct and Disability Act of 1980", "The Code of Conduct for United States Judges", and "The Code of Conduct for Judicial Employees" that "concerns and complaints will be promptly investigated".

**Consistent therewith, please additionally advise by Friday, October 16th, *via* e-mail, as to the results of your "prompt[] investigat[ion]" of petitioners' "concerns and complaints"**, starting with the docket tampering by case management personnel that began within four days of our July 10th commencement of our above-entitled mandamus proceeding, falsifying its caption and the parties thereto, that Clerk O'Hagan Wolfe has refused to account for and correct – and spanning to the questions posed by our still *sub judice* September 1st motion:

> "7. Was the mandamus panel promptly constituted and assigned following our July 10th filing of our Verified Petition for a Writ of Mandamus – and was it constituted and assigned by Clerk O'Hagan Wolfe?...
>
> 8. …Is the docket [of our mandamus proceeding] accurate?...
>
> 9. Who are the three judges constituting the mandamus panel, who, knowing we have a *matter of law* entitlement to the granting of our July 10th Verified Petition for a Writ of Mandamus, have not ordered an answer from Judge Karas so as to further confirm it and enable our underlying electorally time-sensitive, clearly epic, summary judgment lawsuit to proceed before another judge?...
>
> 10. …did Clerk O'Hagan Wolfe and case management under her direction even inform Judge Nardini of [our August 25th letter to you for forwarding to Chief Judge Lohier, requesting that the Chief Judge decide our three August 24th motions]?" (underlining & hyperlinks in the original).

So that the Second Circuit Judicial Council, presided over by Chief Judge Lohier and of which Judge Nardini is a member, may discharge its mandatory administrative and disciplinary responsibilities, including pursuant to Canon 3(B)(1) and (6) of the Code of Conduct for United States Judges, please forward this letter to them.

Thank you.

s/ELENA RUTH SASSOWER

Read & approved by: s/GARY L. ZERMAN, ESQ.

*Signatures on next page to preserve live hyperlinks*

Petitioner *Pro Se* ELENA RUTH SASSOWER

Read & approved by: ________________________________________

Petitioner Center for Judicial Accountability, Inc. Counsel GARY L. ZERMAN, ESQ.